## SAMUEL READ *vs.* BOSTON & ALBANY RAILROAD COMPANY.

Hampden.    Sept. 22. — Oct. 24, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

An engineer of a locomotive engine, who is performing the ordinary duties of his employment on Sunday, is laboring in violation of the Pub. Sts. c. 98, § 2, unless the running of the train on which he is employed is a work of necessity or charity; and if it is not, and, while so laboring, he is injured by a defect in the railroad track, his illegal act necessarily contributes to cause his injury, and precludes his maintaining an action therefor.

The St. of 1884, c. 37, enacting that the provisions of the Pub. Sts. c. 98, "relating to the observance of the Lord's day, shall not constitute a defence to an action for a tort or injury suffered by a person on that day," does not apply to an action for an injury received before its enactment.

In an action against a railroad corporation for personal injuries occasioned, on Sunday, to the plaintiff, while in the defendant's employ as an engineer of a locomotive engine, by a defect in the railroad track, the plaintiff testified "that the train was made up of box and stock cars, and that there was stock on the train;" and "that there was no convenience for feeding and watering stock at P.," the place of departure; "that he did not know how they were to be fed and watered there." This was all the evidence on this point. *Held,* that there was not sufficient evidence that the plaintiff was engaged in a work of "necessity" or "charity," within the Pub. Sts. c. 98, § 2.

TORT for personal injuries occasioned, on Sunday, October 8, 1882, to the plaintiff, while in the employ of the defendant as an engineer upon a locomotive engine, by reason of an alleged defect in the defendant's track. Trial in the Superior Court, before *Rockwell,* J., who ruled, as requested by the defendant,

that the plaintiff was not entitled to recover, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. W. Ely*, for the plaintiff.

*A. L. Soule*, for the defendant.

W. ALLEN, J. Under the authority of *Day* v. *Highland Street Railway*, 135 Mass. 113, the ruling that the plaintiff was not entitled to recover was correct, unless the running of the railroad freight train on which he was employed was a work of necessity or charity. The St. of 1884, c. 37,* was passed after the injury complained of, and does not apply to this action. *Bucher* v. *Fitchburg Railroad*, 131 Mass. 156.

The only evidence that the plaintiff was engaged in a work of necessity or charity was his own testimony, " that the train was made up of box and stock cars, and that there was stock on the train; " " that there was no convenience for feeding or watering stock at Pittsfield," the place he had left; and " that he did not know how they were to be fed and watered there." This is not sufficient to prove that there was stock on the train which could not have been fed and watered at Pittsfield, and that the purpose of running the train was to transport stock to a place where it could be fed and watered, or that the work was necessary for the proper and humane treatment of living creatures being transported upon the road, or for compliance with the requirements of the Pub. Sts. c. 207, § 55.

As the work in which the plaintiff was engaged upon the Lord's day contributed to his injury, and was not a work of necessity or charity, the ruling of the court was correct, without regard to the question whether there was any evidence that the negligence of the defendant caused the injury.

*Exceptions overruled.*

---

* Section 1 of the St. of 1884, c. 37, which took effect on February 27, 1884, is as follows : " The provisions of chapter ninety-eight of the Public Statutes relating to the observance of the Lord's day shall not constitute a defence to an action for a tort or injury suffered by a person on that day."