# STATE v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 11, 1915.

Nos. 19,342—(19).

**Judicial question.**

1. The question of whether an order of the State Railroad and Warehouse Commission is reasonable is a judicial question.

**Order of railroad commission — review by district court.**

2. Under our statute the district court on appeal from an order of the commission does not put itself in the place of the commission and substitute its findings for those of the commission, nor does it set aside such an order on its own conception of its wisdom. The court reviews the order only so far as to determine whether or not it is unlawful and unreasonable.

**Test of unreasonable order.**

3. There is no test of reasonableness that will fit all cases, but an order is unreasonable if contrary to Federal or state Constitution or laws, or if beyond the power of the commission, or if based on mistake of law, or if without evidence to support it, or if so arbitrary as to be beyond the exercise of reasonable discretion and judgment.

**Same.**

4. Pecuniary loss or profit to the carrier is important, but not the only criterion. The question of reasonableness is to be determined by a consideration of the interests both of the carrier and of the public.

**Operation of passenger trains on Sunday.**

5. The order of the commission reviewed in this case is an order compelling the operation of a Sunday local day passenger train. The trial court declined to pass upon the question of pecuniary loss or profit. The order of the commission being by statute *prima facie* reasonable, and the burden being on the appellant upon all issues raised by the appeal, we are obliged to assume that the order did not impose a financial burden, but,

**Same — trial court sustained.**

6. The compulsion of Sunday labor and of the operation of Sunday local passenger trains is contrary to the legislative policy of the state, and, while under some circumstances the operation of Sunday trains may be made compulsory, under the facts of this case the judgment of the trial court holding this order to be unreasonable and void must be sustained.

[1] Reported in 153 N. W. 247.

From an order of the Railroad and Warehouse Commission requiring the Great Northern Railway Co. to operate and maintain its passenger trains Nos. 33 and 34 upon Sunday between Duluth and East Grand Forks, the Great Northern Railway Co. appealed to the district court for Ramsey county. The appeal was heard before Dickson, J., who made findings and set aside the order of the commission. From the judgment entered pursuant to the order for judgment, the state appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *Alonzo J. Edgerton,* Assistant Attorney General, for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

HALLAM, J.

For some years past the defendant railroad company has operated a line of railroad between Grand Forks, North Dakota, and Duluth, Minnesota. Up to November 22, 1914, it operated upon that line, daily including Sunday, two trains each way, one a day train and the other a night train. On the day last mentioned the defendant discontinued the operation of its Sunday day trains on this line, leaving all week day trains and the Sunday night trains operated as theretofore. The state Railroad and Warehouse Commission, after hearing, ordered the Sunday day trains restored. Defendant appealed to the district court. That court, after trial, found that the order of the commission restoring the Sunday trains was "unlawful and unreasonable and not justified by public necessity or convenience," and adjudged that the same be vacated and set aside. The state appeals.

The statute provides that:

"Whenever, in the judgment of the commission   *   *   *   any   *   *   *   change (by a common carrier) in the mode of operating its road or conducting its business, will promote the security or convenience of the public, the commission, by a written order   *   *   *   shall require   *   *   *   the making of such   *   *   *   change." G. S. 1913, § 4178.

The statute further provides for an appeal from the order of the commission to the district court. G. S. 1913, § 4191. The appeal

is "tried * * * according to the rules relating to the trial of civil actions, so far as the same are applicable." Upon such trial the commission's "findings of fact" are *"prima facie* evidence of the matters therein stated," and the order is *"prima facie* reasonable, and the burden of proof upon all issues raised by the appeal" is upon the appellant. If the court determines "that the order appealed from is lawful and reasonable," it is affirmed. If it determines "that the order is unlawful or unreasonable" it is "vacated and set aside." G. S. 1913, § 4192.

1. The statute in terms makes the reasonableness of the order of the commission a question for the court to determine on appeal. This is a valid statutory provision. The reasonableness of the order is properly a judicial question. Argument of that proposition was foreclosed by the decision of the Federal Supreme Court more than a quarter of a century ago. In the first case decided by that court involving the powers of the Railroad and Warehouse Commission of this state, it was held that "the question of the reasonableness of a rate of charge for transportation by a railroad company, involving as it does the element of reasonableness both as regards the company and as regards the public, is eminently a question for judicial investigation, requiring due process of law for its determination." Chicago M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, 458, 10 Sup. Ct. 462, 467, 33 L. ed. 970.

2. The principles on which the court acts in determining whether or not an order of the commission is reasonable, have been the subject of much controversy, but the law on that subject is now pretty well settled. The legislature never intended that the court should put itself in the place of the commission, try the matter anew as an administrative body, substituting its findings for those of the commission. A statute which so provided would be unconstitutional as a delegation to the judiciary of nonjudicial powers. Steenerson v. Great Northern Ry. Co. 69 Minn. 353, 375, 72 N. W. 713; Prentis v. Atlantic Coast Line, 211 U. S. 210, 226, 29 Sup. Ct. 67, 53 L. ed. 150; Oregon R. R. & N. Co. v. Fairchild, 224 U. S. 510, 527, 32 Sup. Ct. 535, 56 L. ed. 863; Bacon v. Rutland R. R. Co. 232 U. S. 134, 34 Sup. Ct. 283, 58 L. ed. 538; Detroit & M. Ry. Co. v.

Michigan R. R. Comm. 235 U. S. 402, 35 Sup. Ct. 126, 59 L. ed. 288. The making of regulations which require a carrier to afford proper transportation facilities to the public, is legislative or administrative and not judicial in its nature. State v. Great Northern Ry. Co. 123 Minn. 463, 144 N. W. 155. The courts must not usurp legislative or administrative functions by setting aside a legislative or administrative order on their own conception of its wisdom. Interstate Comm. Commission v. Illinois Cent. R. Co. 215 U. S. 452, 470, 30 Sup. Ct. 155, 54 L. ed. 280. In Steenerson v. Great Northern Ry. Co. 69 Minn. 353, 375, 72 N. W. 713, 716, a rate case, this court, in construing the statute then in force, which was broader than the one now in force, held that it was the intention of the legislature that the court on appeal should "review the findings of the commission in the same manner as the appellate court reviews the findings of the jury on a trial in the court below. And for this purpose the court may 'examine the whole matter in controversy, including matters of fact, as well as questions of law,'" but that the district court can review the findings of the commission only so far as to determine whether or not the rates fixed by the commission are reasonable. This presents a situation somewhat anomalous in that the court may receive evidence in order to determine whether findings of fact are sustainable, but we can conceive of no other fair construction of this statute that will at the same time confine the court within its constitutional powers. The court, on appeal from the order of the commission, must distinguish, then, between the legislative power to establish regulations and the judicial power to determine upon the reasonableness of regulations already established.

3. We address ourselves, then, to this question: Can the decision of the trial court that the order of the Railroad and Warehouse Commission was unreasonable be sustained? No court or commentator has yet undertaken to lay down a rule which shall furnish a test of what is reasonable that will fit every case. "Indeed," as said by Brewer, J., in Ames v. Union Pac. Ry. Co., 64 Fed. 165, 177, "it is doubtful whether any single rule can be laid down, applicable to all cases." 2 Elliott, Railroads, § 692. Some things, however, are

definitely settled. The order may be vacated as unreasonable if it is contrary to some provision of the Federal or state constitution or laws, or if it is beyond the power granted to the commission, or if it is based on some mistake of law, or if there is no evidence to support it, or if, having regard to the interest of both the public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment. Interstate Com. Commission v. Union Pac. R. R. Co. 222 U. S. 541, 547, 32 Sup. Ct. 108, 56 L. ed. 308; State v. Minneapolis & St. L. R. Co. 76 Minn. 469, 79 N. W. 510.

4. The pecuniary loss or profit to the carrier in executing the particular order is an important criterion in determining the reasonableness of the order, but it is not the only one. Atlantic Coast Line R. Co. v. North C. Corp. Comn. 206 U. S. 1, 26, 27, 27 Sup. Ct. 585, 51 L. ed. 993, 11 Ann. Cas. 398; Missouri Pac. Ry. Co. v. Kansas, 216 U. S. 262, 279, 30 Sup. Ct. 330, 54 L. ed. 472. The question of reasonableness is to be determined by a consideration of the interests both of the carrier and of the public. Chicago M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, 458, 10 Sup. Ct. 462, 702, 33 L. ed. 970; Wisconsin, Minn. & Pac. R. Co. v. Jacobson, 179 U. S. 287, 296, 21 Sup. Ct. 115, 45 L. ed. 194.

5. In this case there is no finding upon the question whether the order of the commission imposed a financial burden upon the defendant. The court declined to consider that question, apparently deeming it unnecessary in view of his opinion upon the question of public necessity. The statute having provided that the order of the commission is *prima facie* reasonable, and having imposed upon the appellant "the burden of proof upon all issues raised by the appeal" (G. S. 1913, § 4192), the burden to show the order of the commission unreasonable, was on the defendant carrier at every stage of the trial, in respect to all matters affecting the reasonableness and validity of the order. State v. Minneapolis & St. Louis R. Co. 80 Minn. 191, 197, 83 N. W. 60, 89 Am. St. 514. We are accordingly obliged to assume that the order of the commission imposes no pecuniary burden on defendant.

6. The finding of the commission is not explicit upon the subject of public necessity of this service.[1] The most that is found is that

[1] [See correction in opinion on pages 63. 64.]

"the public as well as business institutions have come to depend upon the passenger service which has been given it by these trains upon Sunday * * * [and] that the removal of said trains * * * leaves the communities along said line * * * without necessary Sunday day service." The evidence shows that the Sunday day passenger traffic was mostly a traffic of pleasure or convenience, with few instances of necessary travel and that it rendered the incidental service of distribution of Sunday newspapers.

Still the showing is such that, if this were a week day train, we should have trouble in sustaining the decision of the court setting aside the order of the commission. But it is not a week day train. It is a Sunday train and in the last analysis this case really involves the question of the reasonableness of an order of the commission compelling the operation of a Sunday local day train where no particular necessity therefor exists save the convenience of travelers desiring to travel for the most part for pleasure, and when for business then not in most cases for business of any urgent character, coupled with the performance of the incidental service of distribution of news. So far as we can find no such question has ever before arisen. No case has been called to our attention where the railroad commission of any state has ever before sought to compel the operation of ordinary local day passenger trains on Sunday. In one reported case in Missouri the state legislature by statute imposed such a duty and the statute was sustained by a divided court (State v. Chicago, B. & Q. Ry. Co. 239 Mo. 196, 143 S. W. 785), three out of seven of the judges participating being of the opinion that the legislature had no constitutional power to compel such Sunday operation, and this although no specific provision is found in the Missouri Constitution purporting to forbid it.

We have not before us an act of the legislature. We have an order of an administrative commission. Whatever may be the powers of that commission they are surely circumscribed by the laws of the state and the public policy of the state as manifested by its laws. Our statutes forbid Sunday labor except in cases of necessity or charity. G. S. 1913, § 8753. Under some statutes not dissimilar to ours it has been held that the operation of passenger trains on Sunday is

unlawful. First Baptist Church v. Schenectady & Troy R. R. Co. 5 Barb. (N. Y.) 79; Read v. Boston & Albany R. R. Co. 140 Mass. 199, 4 N. E. 227. We need not adopt that extreme view. The defendant in this case does not urge it, and after operating trains on this line for Sunday for many years it is in no position to urge it. It may be conceded that the operation of these Sunday trains would not be unlawful. Clear it is, however, that the public policy of this state, as manifested by its statutes extending over its whole history as a state, has been in the direction of the restriction and against the compulsion of Sunday activities. Sunday is recognized as a day of rest. Many public activities, as well as work and labor not necessary, are forbidden. No statute of the state has ever commanded Sunday labor or Sunday activities of any sort. The operation of Sunday local passenger trains is the exception in Minnesota. Some roads operate no local Sunday trains at all on any of their lines. No statute has ever required it. There might arise a state of facts that would justify an order making compulsory the operation of a Sunday passenger train. The trial court was of the opinion that the facts do not make this such a case. The court's decision involved the determination of questions both of law and fact. To the extent that it involved questions of fact it must, like any other determination of fact by a trial court, be sustained, unless clearly and palpably wrong. We are of the opinion that the judgment of the trial court must be sustained. Walsh v. Chicago, M. & St. P. Ry. Co. 42 Wis. 23, 24 Am. Rep. 376, decided before the days of railroad commissions, tends to sustain this position. In that case it was held that a common carrier is bound to transport passengers upon being paid a reasonable rate of fare, unless it has a valid excuse for not performing that duty, but that the Sunday labor laws of that state, which are substantially the same as ours, furnished to the defendant "a perfectly valid excuse for not running its passenger trains on Sunday."

Judgment affirmed.

On June 28, 1915, the following opinion was filed:

PER CURIAM.
The opinion in this case contains the statement that "the finding

of the commission is not explicit upon the subject of public necessity of this service," and the opinion quotes one section of the commission's order as containing all that the order contains on that subject. The above statement is erroneous. A section other than the one quoted *is* explicit upon this subject. This fact could not, however, change the result. We did not wish to be understood as saying that the language of the order of the commission does not constitute a finding on the subject of public necessity. The opinion clearly assumes that it does, for it expressly states that on the trial of the appeal in district court the burden was on the defendant "at every stage of the trial in respect to all matters affecting the reasonableness and validity of the order."

We see no occasion for a reargument of this case, and the motion for reargument is denied.