BARNARD, Respondent, v. C. & N. W. RY. CO., Appellant.

(166 N. W. 148.)

(File No. 4151. Opinion filed January 18, 1918.)

1. Railroads—Construction of Depot, Installation of Agent, Application to Railway Commissioners For—Showing, Cars As Depot, No Agent—Traffic Facilities, Whether sufficient.

Where, under an application based upon complaint before railway commissioners, to require defendant railway to construct a depot and install an agent for transaction of its business at a town on its line containing forty residents, two general stores, a lumber yard, coal yard, blacksmith shop, etc., there being a considerable farm and ranching community tributary to the town, but defendant having no agent at said station, two box cars being used for passenger and freight depot; the business transacted at said station during the preceding year amounting to $10,000, $7000 of which was for shipment of sand in carload lots; the result of the depot facilities being that no freight could be delivered at the station unless charges were prepaid, and passengers could not purchase tickets or check baggage there, the freight not prepaid being delivered at one of the stations on either side of the town, and passengers being required to pay cash fares to next station, they being there required to purchase tickets in order to check baggage; held, that, while inconvenience and annoyance resulting to patrons from this arrangement are apparent and the number of people to be accommodated and volume of tributary business being sufficient to warrant an agent at that place, yet the evidence does not tend to show present depot facilities insufficient for convenient transaction of tributary railroad business, nor that the box car used as freight depot is insufficient to house and protect all less than carload lots of freight shipped in and out, nor that the one used as a passenger depot is uncomfortable for passengers waiting for trains; that if a competent agent is installed at said station, present public needs will be properly subserved.

2. Same—Depot Facilities—Application For Depot and Agent—Resulting Income, Increase of, Benefits of, How Considered.— Railway as Public Utility—Rule.

In considering the necessity or otherwise of installation of a depot and railway agent at a given town, while it may be that the aggregate amount of business transacted by defendant com-

pany would not, nor would the income thereof, be increased as a result of such installation, yet the benefits to the road are not the sole consideration. A railroad is a public utility, and the interest and convenience of the public, as well as those of the railroad company, must be considered in matters of railroad equipment.

3. Actions—Railroads—Application For Depot and Agent—Former Railway Commissioners' Finding, Whether Res Judicata—Failure to Plead, Effect.

Where, in a hearing upon an application for installation of a depot and agent at a railroad town, it appeared that a similar application was made to the board on behalf of said town some years earlier and was denied, no appeal being taken, held, that such previous ruling did not render the present application res judicata; such plea not being set up by answer; and even though it were treated as having been embodied in the answer to conform to evidence received without objection, such evidence not showing the facts identical with those brought out on former hearing, said defense is untenable.

Whiting, P. J., and McCoy, J., concurring specially.

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by R. E. Barnard, against the Chicago & Northwestern Railway Company, arising out of a petition on complaint filed with the Board of Railway Commissioners, for construction of a station house or depot and installation of an agent for defendant's railway business at the town of Oral. Said Board having made findings in favor of the application, and issued an order directing defendant to provide a suitable station house near the present station and to install an agent thereat, and appeal having been taken therefrom to the Circuit Court, in which court findings and conclusions were in favor of plaintiff; from an order thereof affirming the order of the Board of Railroad Commissioners, and judgment rendered accordingly, defendant appeals. Cause remanded with directions to modify judgment.

A. K. Gardner, for Appellant.

Charles A. Nystrom, and Oliver E. Sweet, for Respondent.

(1) To point one of the opinion, Appellant cited:

Washington ex rel. v. Fairchild, 224 U. S. 510; Seward v. D. & R. G. (N. M.) 131 Pac. 980.

Respondent cited:

C. R. I. & P. R. Co. v. Nebraska State Railway Commission,

(Neb.) 145 N. W. 447, 26 L. R. A. (N. S.) 44; Atlantic Coast Line Ry. Co. v. North Carolina Corporation Commission, 206 U. S. 1, 51 L. Ed. 933, 11 A. & E. Ann. Cas. 398.

(3)  To point three of the opinion, Appellant cited:

McMahon v. Mead, 30 S. D. 515.

Respondent cited:

Borden v. Graves, (N. D.) 127 N. W. 104.

POLLEY, J. . This case grew out of a complaint filed with the Board of Railroad Commissioners wherein plaintiff asks that board to require the defendant to construct a station house or depot and install an agent for the transaction of its business at the town of Oral, a station on defendant's line of railroad.  In its answer to the complaint, defendant alleges that there is not sufficient business at said station to warrant the construction of a depot and the maintenance of an agent at said station; and further alleges that the facilities already provided are sufficient for the handling of all the business there is at said station.

The depot now in use at said station consists of two box cars set beside the track, each of which is 34 feet long by 8 feet wide.  One of said cars is used for passenger service and the other for freight, but defendant has no agent to look after the comfort or needs of the passengers, nor to receive or deliver freight.  A stove and fuel are kept in the car that is used as a passenger depot, and it is the duty of the section foreman to build fires when necessary for the comfort of passengers, and a resident of the town makes a practice of meeting trains and looking after freight and the comfort of passengers, but the arrangement does not seem to be satisfactory to the patrons of the road.

A hearing was had by the said board upon the issues joined by said complaint and answer and evidence submitted by both parties.  Upon such evidence the board made findings of fact to the effect that the station facilities provided at such station are inadequate to meet the demands of the public, that said facilities are inaccessible for the purpose of receiving and delivering less than carload lots of freight and baggage, and further found that the volume of business transacted at said station by defendant is sufficient to warrant the establishment of a station house and the maintenance of a station agent to transact defendant's business;

40—Vol. 39, S. D.

and, pursuant to such findings and conclusions of law based thereon, issued an order directing defendant to provide a suitable station house at said station within a time fixed by said order and to install an agent therein. The said order further directed that said station house or depot be constructed according to a certain depot plan then in use by defendant and designated by defendant as "Depot Plan No. 3," and directed that said depot be located at a place some 800 or 900 feet distant from the place now occupied by the said box cars. From the said order the defendant took an appeal to the circuit court. A hearing was had in circuit court, where findings and conclusions were again in favor of plaintiff, and an order entered affirming the order of the Board of Railroad Commissioners. From that order defendant appeals to this court.

[1, 2] It appears from the evidence that the town of Oral has a population of about 40 inhabitants. It has two general stores, a lumber yard, a coal yard, a blacksmith shop, and an insurance office. In addition to the inhabitants of the town there is a considerable farming and ranching community that is tributary to the said town, but because defendant has no agent at said station no freight can be delivered there, unless charges are prepaid, and passengers cannot purchase tickets or check baggage. The result is that freight not prepaid is delivered at one of the stations on either side of Oral, from which point it must be hauled, and passengers are required to pay cash fares to the next station, where they are required to purchase tickets in order to check their baggage. The evidence shows that the business transacted at said station during the year just preceding the filing of the complaint amounted to more than $10,000, and the evidence further shows that such business would have been augmented to some extent had there been an agent at said station with authority to receive and deliver freight, collect charges, etc. The inconvenience and annoyance resulting to the patrons of the road from this arrangement are apparent. It may be that the aggregate amount of business transacted by defendant is just as great as though it had a better depot and a station agent at Oral, and that it would receive no increased income as a result of the outlay necessary to provide the additional equipment at Oral, but the benefits to the road are not the sole consideration in cases of

this kind. A railroad is a public utility, and the interest and convenience of the public, as well as those of the railroad company, must be taken into consideration in the matter of railroad equipment. State v. G. N. R. R. Co., 130 Minn. 57, 153 N. W. 247, Ann. Cas. 1917B, 1201 and cases cited. We believe that the number of people to be accommodated and the volume of business tributary to Oral are sufficient to warrant the installation and maintenance of an agent at that place, but the evidence does not show, nor tend to show, that the present depot facilities are not sufficient for the convenient transaction of all the railroad business that is tributary to the said town. The evidence does not show that the box car that is used as a freight depot is not sufficient to house and protect all the less than carload lots of freight that is shipped in and out of said station, nor that the one that is used as a passenger depot cannot be made comfortable for passengers while waiting for trains. It is true that a couple of box cars lined up beside the track may not present so attractive an appearance as a depot building could be made to present, but that is a matter of taste to be determined by the railroad company rather than a matter of necessity to be decided by the Board of Railroad Commissioners. Moreover, it appears from the evidence that more than $7,000 of the receipts for business transacted at Oral is for shipments of sand in carload lots. For the transaction of this business a depot or station house would serve no useful purpose whatever. We believe that, if a competent agent is installed at Oral by appellant, the present needs of the public will be properly subserved.

[3] It is claimed by appellant that an application similar to this was made to the Board of Railroad Commissioners on behalf of the town of Oral in 1910; that said application was denied by the board and no appeal taken; and that, consequently, the matter is res judicata. But this position is not well taken. Res judicata is not pleaded in the answer, and, even though we were to treat the answer as though it had been amended to conform to the evidence that was received without objection, such evidence does not show the facts to be identical with the facts brought out on the former hearing.

This cause will be remanded to the circuit court, with direc-

tions to modify its judgment herein to conform to the views expressed in this opinion.

WHITING, P. J., and McCOY, J. (concurring specially). We concur in the above with the exception that we are of the opinion that the order of the commission requiring the new depot should be affirmed. We are however of the opinion that there was not sufficient evidence before the commission to sustain the order fixing the location for the new depot.