# MINNEAPOLIS & ST. PAUL SUBURBAN RAILROAD COMPANY v. VILLAGES OF EXCELSIOR AND TONKA BAY.[1]

July 22, 1932.

Nos. 29,111, 29,112.

W. F. Odell, for appellant village of Excelsior.

Austin I. Bergman, for appellant village of Tonka Bay.

Junell, Oakley, Driscoll & Fletcher and George H. Sullivan, for respondent.

DIBELL, J.

This is a proceeding instituted before the railroad and warehouse commission by the Minneapolis & St. Paul Suburban Railroad Company for leave to abandon and close for traffic its right of way from Deephaven Junction through the village of Excelsior on and to the

[1]Reported in 244 N. W. 61.

village of Tonka Bay in Hennepin county. The proceeding is under G. S. 1923 (1 Mason, 1927) § 4930. Upon the hearing on the appeal the petitioner offered no evidence. The court made findings for the petitioner. The villages made a motion for a new trial. It was denied. They appeal.

The proceeding is like that of the same petitioner v. Village of Birchwood, 186 Minn. 563, 244 N. W. 57, argued at the same time. Much that is said there is applicable here, and it will not be re-peated.

The commission found a loss of revenue from operation at the present and in the past and that there was no prospect of future gains. It found that there was other substantial provision for carrying those who now use the road, and that its abandonment would not result in substantial injury to the public.

No evidence was received in the district court on appeal. That offered by the appellant villages was excluded upon objection. The court directed entry of judgment for the petitioner authorizing the abandonment and closing to traffic of the two lines.

At the opening of the case the appellants placed a witness upon the stand. The petitioner made this objection:

"Now at the outset I think I must make an objection to the intro-duction of any evidence before this Court, at least until the record on which the commission acted in making the order which is ap-pealed from is in evidence."

Argument was had, and the court sustained the objection, saying:

"The objection will be sustained. I don't see how the court can pass upon the unreasonableness or illegality of the order of the commission without having the evidence as presented before the commission. And I find that was the procedure that was followed in the Abrahamson case also; I looked the record up today in the paper book."

The Abrahamson case is reported in 177 Minn. 136, 225 N. W. 94.

An exception was taken to the rulings, and similar objections and similar rulings were made to the questions asked of the witness and

exception taken. The appellants then offered in evidence a portion of the transcript of the proceedings before the railroad and warehouse commission, including certain exhibits. The petitioner objected unless all were introduced, and its objection was sustained and exception taken. The appellants and the petitioner rested, and findings were made for petitioner.

The portions of the statute, G. S. 1923 (1 Mason, 1927) §§ 4650, 4651, regulating procedure as far as important here, are as follows:

"Upon service of said notice of appeal, said commission, by its secretary, shall forthwith file, with the clerk of said district court to which said appeal is taken, a certified copy of the order appealed from, together with findings of fact on which the same is based in case appeals are taken to the district court of more than one county, they shall be consolidated and tried in the district court of the county to which the first appeal was taken.

"Such findings of fact shall be prima facie evidence of the matters therein stated, and the order shall be prima facie reasonable, and the burden of proof upon all issues raised by the appeal shall be on the appellant.' If said court shall determine that the order appealed from is lawful and reasonable, it shall be affirmed and the order enforced as provided by law."

The statute relative to abandonment of a road, as far as we need mention it here, is as follows:

"Upon the hearing, the commission shall ascertain the facts and make findings thereon, and if such facts satisfy the commission that the proposed abandonment or closing for traffic will not result in substantial injury to the public, they may allow the same, otherwise, it shall be denied, or, if the facts warrant it, the application may be granted in a modified form." G. S. 1923 (1 Mason, 1927) § 4930.

In addition to the evidence before the commission, proper for consideration upon the issue on appeal, additional evidence could be offered by the appellants, upon whom the burden lay on the appeal. In State v. G. N. Ry. Co. 130 Minn. 57, 58, 153 N. W. 247, Ann. Cas. 1917B, 1201, it was said:

"The statute further provides for an appeal from the order of the commission to the district court. G. S. 1913, § 4191. The appeal is 'tried * * * according to the rules relating to the trial of civil actions, so far as the same are applicable.' Upon such trial the commission's 'findings of fact' are 'prima facie evidence of the matters therein stated,' and the order is 'prima facie reasonable, and the burden of proof upon all issues raised by the appeal' is upon the appellant. If the court determines 'that the order appealed from is lawful and reasonable,' it is affirmed. If it determines 'that the order is unlawful or unreasonable' it is 'vacated and set aside.' G. S. 1913, § 4192.

"The statute in terms makes the reasonableness of the order of the commission a question for the court to determine on appeal. This is a valid statutory provision. The reasonableness of the order is properly a judicial question. * * *

"The legislature never intended that the court should put itself in the place of the commission, try the matter anew as an administrative body, substituting its findings for those of the commission. A statute which so provided would be unconstitutional as a delegation to the judiciary of nonjudicial powers. * * * This presents a situation somewhat anomalous in that the court may receive evidence in order to determine whether findings of fact are sustainable, but we can conceive of no other fair construction of this statute that will at the same time confine the court within its constitutional powers. The court, on appeal from the order of the commission, must distinguish, then, between the legislative power to establish regulations and the judicial power to determine upon the reasonableness of regulations already established."

And see Steenerson v. G. N. Ry. Co. 69 Minn. 353, 72 N. W. 713, and State ex rel. R. & W. Comm. v. M. & St. L. R. Co. 80 Minn. 191, 83 N. W. 60, 89 A. S. R. 514.

In reviewing this statute in State v. C. M. St. P. & P. R. Co. (D. C.) 50 F. (2d) 430, 433, involving a separation of street and railroad grades in Minneapolis, Judge Sanborn, speaking succinctly and accurately, said:

"The court, on an appeal from an order of the commission, examines the whole matter in controversy. It receives evidence to determine whether the findings of fact made by the commission can be sustained. It does not try the matter anew as an administrative body nor substitute its findings for those of the commission. The making of regulations governing separation of grades is legislative or administrative, and not judicial. The question as to whether the order requiring the separation and prescribing the method to be used is lawful and reasonable is a judicial question. The order of the commission may be vacated if contrary to law, if beyond the powers of the commission, if unsupported by the evidence, or if so arbitrary as to indicate abuse of discretion and judgment."

The attitude of counsel has brought about a situation where no hearing has been had on the merits, and those interested as a part of the public have not presented their case. The refusal of all evidence, no matter what it might be, should not be held justified on the ground upon which the objections were made. The petitioner cannot prevail upon the theory that it was merely a question of order of proof. The appellants were not required to prove their case by first offering that taken before the commission; nor should the evidence they offered be rejected because they did not offer all of the evidence taken before the commission. It is urged that the result will be the same as in M. & St. P. S. R. Co. v. Village of Birchwood, 186 Minn. 563, 244 N. W. 57, which was argued on the same day as this. This indeed may be so; but the appellants and those interested with them have not had the opportunity of presenting the questions involved on such record as they may be able to make. The case involves an interest of the public. It is hardly conceivable that any harm would have come to the appellants by offering the commission testimony at the first; nor does it seem that harm would have come to the petitioner if it had permitted the appellants first to offer other evidence. Each party wanted a victory, and each now has one, and both are back in the district court where they started. It is too bad. Nothing has been determined, and a new trial must be had.

Orders reversed.