CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD
COMPANY AND STATE OF MINNESOTA v.
FOLEY BROTHERS, INC.
HALLETT CONSTRUCTION COMPANY v. SAME.[1]

April 13, 1934.

Nos. 29,690, 29,691.

[1]Reported in 254 N. W. 435.

*Harry H. Peterson,* Attorney General, and *Harry W. Oehler,* Deputy Attorney General, for appellant state of Minnesota.

*F. W. Root, C. O. Newcomb,* and *A. C. Erdall,* for appellant Chicago, Milwaukee, St. Paul & Pacific Railroad Company. .

*Boutelle, Bowen & Flanagan,* for appellant Hallett Construction Company.

*O'Brien, Horn & Stringer* and *McNeil V. Seymour,* for respondent.

*DEVANEY, Chief Justice.*

This action is the outgrowth of an informal application of the Hallett Construction Company, the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, and the Chicago, Great Western Railroad Company for authority to publish a rate of four cents per 100 pounds on sand, gravel, and crushed rock to be hauled from a number of producing points to a number of points located adjacent to the southern Minnesota division of the two railroads. Appellant Hallett Construction Company had secured a contract to furnish road building material for state highway No. 9. This road was to be constructed near Spring Valley, Minnesota. Hallett Construction Company owned a gravel plant at Lakeland, Minnesota, from which it hoped to supply the material for this work. The prevailing freight rate from Lakeland to Spring Valley of six cents per 100 pounds prohibited rail shipment. The railroad companies, desirous of the business, agreed to publish a rate of four cents per 100 pounds from Lakeland and like points to Spring Valley. Respondent, Foley Brothers, Inc., owned a rock crushing plant at Preston, Minnesota. The rate from Preston to Spring Valley was three cents per 100

pounds. Upon application for the four-cent rate by Hallett Construction Company and the railroads, Foley Brothers, Inc. appeared by attorney at a hearing had in September, 1932, and duly objected to the publication of such rate. The railroad and warehouse commission, pursuant to such hearing, made an order granting authority to publish the four-cent rate. Foley Brothers, Inc. appealed from that order to the district court of Ramsey county. The district court of Ramsey county vacated the order of the railroad and warehouse commission, and from a denial of their motion for a new trial appellants perfected this appeal.

1 Mason Minn. St. 1927, § 4650, provides:

"Any party to a proceeding before the commission, or any party affected by any order thereof, or the state of Minnesota, by the attorney general, may appeal therefrom to the district court of the county in which the complainants, or a majority of them, reside, or in case * * * of train service, to the district court of one of the counties through which the train runs * * *."

Appellants contend that Foley Brothers, Inc. is neither a "party to a proceeding before the commission" or a "party affected by any order thereof," and, further, that if Foley Brothers, Inc. was entitled to appeal at all, it should have appealed to the district court of Crow Wing, and not of Ramsey, county. Because of the view we take on the succeeding question, however, we will assume in accordance with respondent's contention that Foley Brothers, Inc. was a party affected and that the appeal properly was brought to the district court of Ramsey county.

The controlling question in the case is whether the order of the railroad and warehouse commission was made in accordance with the distance tariff law. L. 1913, c. 90, § 1 (amended L. 1919, c. 235, § 1, now 1 Mason Minn. St. 1927, § 4838) known as the Cashman act, requires rates to be based on distance and also requires the railroad and warehouse commission to promulgate schedules of rates based upon that principle. In 1914 the commission issued its schedule as to sand, gravel, and crushed rock. These rates were in conformity with the law and were based on distance. No one dis-

putes that. L. 1913, c. 90, was enacted to prevent unjust discrimination. See Washed S. & G. Co. v. G. N. Ry. Co. 130 Minn. 272, 275, 153 N. W. 610. In the case at bar the rate as prescribed by the railroad and warehouse commission in conformity with the application of the railroads and the Hallett Construction Company does not discriminate against Foley Brothers, Inc. and hence does not offend the Cashman act. Since the new four-cent rate schedule does not allow the railroads to charge a greater amount or a higher rate for a lesser or equal distance than for a greater distance, the rate is not unlawfully discriminatory as against the Foley Brothers, Inc. It is hard to see how Foley Brothers, Inc. was discriminated against when the rate from Preston to Spring Valley was three cents per 100 pounds, a rate actually lower than the four-cent rate from Lakeland to Spring Valley, to which it here objects.

"How could a competitor who is complaining be injured by a rate higher than his rate? The question answers itself. He could not be injured by the higher rate." Anchor Coal Co. v. U. S. 25 F. (2d) 462, 471.

"A rate cannot be said to give an undue advantage to a locality as against a competing locality or to impose an undue burden on such competing locality when it is actually higher than the rate which the competing locality enjoys." 2 Interstate Commerce Acts, Annotated, 1151.

If the new rate from Lakeland to Spring Valley were to be two cents, then Foley Brothers, Inc. might complain. While it is true that the rate under the new schedule remains three cents per 100 pounds from Preston to Spring Valley and is reduced from six cents to four cents from Lakeland to Spring Valley, yet this does not discriminate against Foley Brothers, Inc., for the rate from Lakeland is still higher than that from Preston.

The principle of the distance tariff was used by the commission in fixing the rate here complained of. The commission was not obliged to use any particular yardstick rule. The zones as they are extended may lengthen in distance and may vary in different cases to suit the exigencies of the particular movement of particular

goods. The matter rests to a great extent in the sound discretion of the commission.

"The courts must not usurp legislative or administrative functions by setting aside a legislative or administrative order on their own conception of its wisdom." State v. G. N. Ry. Co. 130 Minn. 57, 60, 153 N. W. 247, 248, Ann. Cas. 1917B, 1201.

The record reveals that by the new rate schedule the rates for all distances under 45 miles was to be three cents per 100 pounds; for all distances from 47 miles up to 65 miles, three and one-half cents; for all distances over 70 miles (up to at least 169 miles), four cents. These facts speak for themselves and indicate quite clearly that distance was considered as a factor in drafting the new rate schedule.

There can be no question but that 1 Mason Minn. St. 1927, § 4837, the so-called long-and-short-haul statute, was complied with. The commission made a very thorough check and found that the rates per ton mile receded in almost perfect proportion.

Concerning findings of the commission, 1 Mason Minn. St. 1927, § 4651, states:

"Such findings of fact shall be *prima facie* evidence of the matters therein stated, and the order shall be *prima facie* reasonable, and the burden of proof upon all issues raised by the appeal shall be on the appellant."

Foley Brothers, Inc., who were appellants to the district court of Ramsey county, did not sustain the burden of showing a violation of the long-and-short-haul statute. The commission found compliance therewith, and there is no substantial evidence in the record to indicate to the contrary. The commission found:

"The rate per ton per mile ranging down from three cents per ton per mile for the shortest distance of 26 miles to 5.4 mills per ton per mile for the longest distance of 149 miles, the rate per ton per mile receding in almost perfect proportion."

Since we find that the distance factor was considered by the commission in fixing the new rate schedule, it is unnecessary for us to

consider whether the commission must consider distance as a factor in fixing rates under 1 Mason Minn. St. 1927, § 2614, which permits the commission to establish lower rates for sand, gravel, crushed rock, and other material where the same is to be used in the construction of a state or public road.

Reversed.

