# RAILROAD AND WAREHOUSE COMMISSION v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 9, 1914.

Nos. 18,225—(25).

**Removal of station building.**
The Railroad and Warehouse Commission has authority in a proper case to

[1] Reported in 144 N. W. 771.

---

Note.—On the question of the right to change location of railroad station, see note in 34 L.R.A.(N.S.) 412. And upon the power to compel stopping of trains at stations, see notes in 17 L.R.A.(N.S.) 821 and 29 L.R.A.(N.S.) 159.

order defendant to remove its station building one-half mile from its present location up to the village which it serves.   [Reporter.]

**Compelling trains to stop at junction.**

Where defendant has failed to stop its trains before passing a junction not provided with an interlocking device, thereby violating the statute (G. S. 1913, § 4406), the Railroad and Warehouse Commission has the right to order such trains to be brought to a stop before the junction, until some other sufficient provision has been made to avoid the danger of collision.   [Reporter.]

From an order of the Railroad and Warehouse Commission requiring the Great Northern Railway Co. to remove the station building in Brook Park to a certain specified location, and that the company immediately comply with the law by bringing all trains to a full stop before reaching the railroad junction, the railway company appealed to the district court for Pine county. The appeal was heard before Stolberg, J., who at the close of the evidence denied defendant's motion to overrule the order, made findings, and ordered judgment directing the station building to be moved and that the railway company bring all trains to a full stop before reaching the railroad junction. From an order denying its motion for a new trial, the railway company appealed. Affirmed.

*J. A. Murphy* and *M. L. Countryman,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alonzo J. Edgerton,* Assistant Attorney General, and *J. W. Bennett,* for respondent.

PER CURIAM.

The station building of the Great Northern Railway at Brook Park is located about one-half mile from the village. After a hearing at which both the railway company and the residents of the village were represented, the Railroad and Warehouse Commission ordered the company to move the station building up to the village. The company appealed therefrom to the district court, which, after a trial, directed judgment in accordance with the order of the commission. A motion for a new trial was made and denied and the company appealed to this court.

There is no doubt of the authority of the commission to make such order in a proper case. Sections 4178, 4239, G. S. 1913; 2 Dunnell, Minn. Dig. § 8124. As said in State v. Great Northern Ry. Co. 123 Minn. 463, 467, 144 N. W. 155: "The question as to what accommodations are reasonably necessary to afford proper transportation facilities to the public is legislative or administrative, and not judicial, in its nature; and the courts can interfere with the action of the body intrusted with the power and duty to determine such questions only when such action oversteps the limitations, constitutional or otherwise, placed upon the exercise of such power." Under the rule governing such cases, the evidence

submitted will not justify this court in annulling the action of the commission and of the trial court.

Both the commission and the trial court found in effect that Brook Park is a junction point between two lines of railway operated by defendant; that there is no interlocking device at this junction; that, as to trains which do not stop at Brook Park, the company has been violating section 4406, G. S. 1913, which requires all trains to come to a stop before passing a junction not provided with an interlocking device rendering such stop unnecessary; and directed that such trains be brought to a stop before passing this junction. This requirement is proper, until it appears that some other sufficient provision has been made to avoid the danger of collisions.

Order affirmed.