## STATE v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 1, 1916.

Nos. 19,919—(14).

**Railroad and Warehouse Commission — depot facilities — powers.**

1. The Railroad and Warehouse Commission has power to determine whether a depot provided by a railroad company is suitable for the purpose, and, if not, to require the construction of a suitable depot.

**Same — reasonableness of order — review by court.**

2. The making of such a regulation is a legislative or administrative function. The court may review such an order only so far as to determine whether it is reasonable. When supported by substantial evidence, the order of the commission as to such a matter is final.

[1]Reported in 159 N. W. 1089.

---

Note.—For authorities passing on the question of delegation by legislature of power to require erection of station, see note in 32 L.R.A.(N.S.) 650.

**Same — order supported by evidence.**

    3. The order in question in this case, requiring the erection of a new depot in the village of Ada, is supported by evidence and is valid.

**Same — compliance with fire ordinance.**

    4. When a new depot is ordered, the order may require that its construction shall comply with the fire ordinances of the village.

From an order of the Railroad and Warehouse Commission, requiring the Great Northern Railway Company on or before the first day of December, 1915, to erect and complete at the village of Ada, a new depot of the same style and capactiy as defendant's depot in Warren, except that the depot at Ada be built of brick or some other material that will comply with the fire ordinance of the village of Ada, the Great Northern Railway Company appealed to the district court for Norman county. The case was tried before Grindeland, J., who made findings and affirmed the order of the commission. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman,* for appellant.

*Lyndon A. Smith,* Attorney General, *Rollin L. Smith,* Assistant Attorney General, and *M. A. Brattland,* City Attorney, for respondent.

HALLAM, J.

Ada is a station on the Great Northern Railway. Application was made by citizens to the Railroad and Warehouse Commission for an order to require the railway company to erect there a new depot. After a hearing, the commission found and determined that the present depot is entirely inadequate for the business of the station and out of keeping with its surroundings, and ordered that the railway company erect a new depot of fire proof material, and after the plan of the depot at Warren, a town of about the same size near by. The railway company appealed to the district court and the order of the commission was affirmed. The railway company appeals to this court.

The facts disclosed by the record are as follows:

Ada is the county seat of Norman county. The depot, somewhat smaller than at present, was constructed when the road first came to the village, in 1878. It was enlarged to its present size some years later, just

when does not appear. At that time the village was small, the surrounding country sparsely settled, and the railroad traffic was small. The station was adapted in its size to the needs of that time, and it had the conveniences then common in small railroad stations. Since that time the surrounding country has developed materially and the village has grown. It had a population of 1,422 in 1910, and has a probable population now of about 2,000. Railroad traffic has very substantially increased, with prospects of further increase from year to year. The depot is a frame structure 20x98 feet. It is built on posts 2½ or 3 feet from the ground, and with no other foundation. Its location is so near the track as to permit of a platform only 12 feet in width—too narrow for the needs of traffic. It is without toilet facilities and is not well adapted to the installation of the same. There is the usual division into separate waiting rooms for men and women, but at times freight and express is piled in the women's waiting room. There is evidence that on frequent occasions the depot is not adequate to accommodate the crowds gathered there to use it as a depot.

1. The law on the subject is not in doubt. A railroad company must necessarily be permitted to use its own judgment to a reasonable extent as to when new depot buildings are needed at stations along its lines. But the state has power to impose upon the company some requirements as to such facilities. Our statute provides that every railroad company "shall provide and maintain at all villages and cities upon its lines, depots with suitable waiting rooms for passengers and rooms for storage of freight." G. S. 1913, § 4390. It is within the power of the Railroad and Warehouse Commission to determine whether the depots provided by the railroad company are suitable, and, if not, to require the construction and maintenance of depots which are suitable for their purposes. See G. S. 1913, § 4178; State v. Minneapolis & St. L. R. Co. 87 Minn. 195, 91 N. W. 465; Id. 193 U. S. 53, 24 Sup. Ct. 396, 48 L. ed. 614; State v. Northern Pacific Ry. Co. 90 Minn. 277, 96 N. W. 81; State v. Great Northern Ry. Co. 123 Minn. 463, 144 N. W. 155; Railroad and Warehouse Commission v. Great Northern Ry. Co. 124 Minn. 533, 144 N. W. 771.

2. The making of such regulations is a legislative or administrative, and not a judicial, function. The reasonableness of such an order is, how-

ever, a judicial question. The court may review the orders of the commission, but only so far as to determine whether they are reasonable. The order may be vacated as unreasonable if it is contrary to some provision of the Federal or state Constitution or laws, or if it is beyond the power granted to the commission, or if it is based on some mistake of law, or if there is no evidence to support it, or if, having regard to the interest of both the public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment. State v. Great Northern Ry. Co. 130 Minn. 57, 153 N. W. 247. The court does not consider the wisdom or expediency of the order. The court ascribes to the findings of the commission "the strength due to the judgments of a tribunal appointed by law and informed by experience," and its conclusion, when supported by substantial evidence, is accepted as final. Illinois Cent. R. Co. v. Interstate Com. Com. 206 U. S. 441, 454, 27 Sup. Ct. 700, 51 L. ed. 1128; Interstate Com. Com. v. Union Pac. R. Co. 222 U. S. 541, 547, 32 Sup. Ct. 108, 56 L. ed. 308.

3. We think the above recital of facts shows that the order of the Railroad and Warehouse Commission is supported by substantial evidence. We cannot say that the order is not justified by a reasonable necessity in fact, or that it is confiscatory, or an appropriation of the company's money without due process of law.

4. We see nothing unreasonable in the requirement that the depot constructed shall be of some material that will comply with the fire ordinances of the village. The depot is quite in the center of the village. The council of the village has established fire limits, and has made the maintenance of frame buildings within such limits unlawful. This building is within the fire limits. Whether these facts alone would warrant an order for the construction of a new depot, if the existing depot were otherwise adequate, we do not decide. They are sufficient to warrant an order that a depot to be constructed shall conform to the ordinances of the village.

Order affirmed.