# A. C. OCHS v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

January 12, 1917.

Nos. 19,942—(77).

**Eminent domain — taking property for a side track to factory.**

1. Where a sidetrack becomes a part of the trackage of a railroad to be operated as a part of its railway system, the taking of property therefor is a taking for a public purpose.

**Railway — order to furnish sidetrack —apportionment of expense — police power.**

2. The state under its police power may require a railroad company to provide such sidetrack facilities to industries adjacent to its tracks as shall be found to be necessary and reasonable under all the circumstances, and may apportion the necessary expense therefor between the company and the industry in such manner as shall be found to be reasonable.

From an order of the Railroad and Warehouse Commission, granting the petition of A. C. Ochs, doing business as A. C. Ochs Brick & Tile Company, for an order requiring the railway company to construct certain side tracks at petitioner's plant, the Chicago & Northwestern Railway Company appealed to the district court for Brown county. The appeal was heard before Olsen, J., who made findings affirming the order of the commission. From the judgment entered pursuant to the order for judgment, Chicago & Northwestern Railway Company appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Lyndon A. Smith,* Attorney General, *Henry C. Flannery,* Assistant Attorney General, and *Aug. G. Erickson,* for respondent.

[1]Reported in 160 N. W. 866.

---

Note.—On power to compel railroad to build, maintain, or connect with, sidetracks for accommodation of shippers, see note in 28 L.R.A.(N.S.) 1013.

TAYLOR, C.

Complainant has operated a brick and tile manufacturing plant adjacent to the tracks of the railway company at Springfield in Brown county for about 25 years, and has continuously shipped out large quantities of its products and shipped in fuel and other materials. During all that time the railway company has provided and operated spur or sidetracks to the plant. In the fall of 1914, complainant began the construction of an additional plant adjacent to the old plant, at an expense of about $150,000, which will double the former capacity of the plant. Complainant applied to the railway company to change and extend the spur or sidetracks so that they will serve both the old and the new plants. The railway company offered to make the desired changes and additions if complainant would bear the entire expense thereof, but refused to do so except upon that condition. Thereupon complainant presented the matter in due form to the Railroad and Warehouse Commission which ordered a hearing, and both parties appeared and took part therein. As a result of the hearing the commission among other things found that, "there was no dispute that this trackage was necessary for the proper operation of complainant's plant, the only question presented being upon what terms it should be constructed." * * * "Terms found to be reasonable are as follows: Complainant to furnish the right of way and give respondent a deed or agreement conveying to respondent the right to the perpetual use of said right of way for railroad use; complainant either do the grading required for the putting in of the new track or pay respondent for the same; also that complainant pay for the readjustment, raising or resetting of telephone poles if necessary, and dismantling or removing any buildings that is necessary in the construction of this track and all grubbing that is necessary, and that all the other expense for materials required or work or labor done in the construction of said track shall be paid for by respondent." The commission ordered the railway company to construct the trackage within 30 days after complainant had performed the conditions to be performed on its part. The railway company appealed to the district court where the case was tried anew and judgment rendered affirming the order of the commission. An appeal from that judgment brings the matter before this court.

The railway company still manifests its readiness to construct the

trackage, if complainant will bear the expense thereof, but insists that the company cannot be compelled to bear any part of such expense.

At the outset the company lays down the unquestioned proposition that its property cannot be taken for private use, and asserts that requiring it to construct this trackage takes its property for private use. The order requires the right of way to be conveyed to the railway company; and the right of way together with the tracks thereon will be the property of the railway company and become a part of its railway trackage to be operated as a part of its railway system. Property taken for such purposes is taken for a public use. Union Lime Co. v. Chicago & N. W. Ry. Co. 233 U. S. 211, 34 Sup. Ct. 522, 58 L. ed. 924; State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859, and cases cited therein.

The company seems to contend that even if the construction of a side-track to an industry adjacent to its right of way be an appropriation of property to a public use, yet the changes in the tracks and the additions thereto here in question are not for a public use but for complainant's private benefit. Where the owner makes such an addition to his plant that additional trackage is necessary, we are unable to make any distinction in principle between the duty to furnish a sidetrack to the original plant and the duty to furnish it to the new plant. The new or additional plant can stand in no worse position because constructed by the owner of the old plant, than if constructed by some one not connected therewith. The company also argues that the proposed tracks can serve only a private purpose, for the reason that they will be surrounded by private property, and there is no highway by which the public can gain access to them. Whenever such highway is necessary, it can be provided.

The principal contention of the company, however, is that it cannot be compelled to bear any part of the expense of constructing the proposed sidetrack without infringing the constitutional inhibition against taking private property for public use without compensation. The question is whether the state under its police power may require the company to provide such sidetrack facilities to industries adjacent to its tracks as shall be found to be necessary and reasonable under all the circumstances, and may apportion the necessary expense therefor between the company and the industry in such manner as shall be found to be reasonable, without compensation to the company other than the enhancement in the value of

its property which will follow from the sidetracks becoming a part of such property and from the additional business brought to the company. That the additional business brought to the company will be of a substantial amount in this case appears from the fact that complainant paid the company more than $10,000 in freight charges during the year preceding the initiation of these proceedings and that the addition to the plant will more than double its output. The necessity for the sidetracks if complainant is to operate its plant successfully, is not questioned; and, if the expense therefor may be apportioned between the industry and the railroad, the reasonableness of the apportionment is not questioned. The position of the company is that it cannot be required to bear any part of such expense.

The company relies largely upon the decision of the United States Supreme Court in Missouri Pac. Ry. Co. v. Nebraska, 217 U. S. 196, 30 Sup. Ct. 461, 54 L. ed. 727, 18 Ann. Cas. 989. The statute under consideration in that case required the railroad company to construct sidetracks at its own expense, when application was made therefor, without any opportunity whatever for a hearing as to the necessity or reasonableness of the proposed expenditure. Under our law the company cannot be required to construct a sidetrack until the commission, after a full hearing and a consideration of all the circumstances, has determined that its construction is necessary, and that the part of the expenditure therefor apportioned to the company is reasonable. If dissatisfied with the determination made by the commission, the company may have the entire matter reviewed by the courts. We think there is a wide difference between the question involved here and those decided in the case cited.

Complainant relies upon the decision of this court in State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859. The facts involved in that case were so nearly like the facts involved in the present case, that we think the decision in that case determined the controlling questions in the present case. The same constitutional objection to the proceeding made in the present case was urged without avail in that case, and the doctrine of that case leads to an affirmance of the judgment in this case. The final solution of such problems rests with the Supreme Court of the United States, and we shall unhesitatingly apply the rule which that court shall

establish, but we do not understand that that court has held that a state, in the exercise of its police power, may not require a railroad to provide necessary sidetrack facilities to an industry adjacent to its tracks upon such terms as shall be found to be reasonable under all the circumstances and after a full hearing, although such terms may impose a part of the expense therefor upon the railroad. See Union Lime Co. v. Chicago & N. W. Ry. Co. 233 U. S. 211, 34 Sup. Ct. 522, 58 L. ed. 924.

Judgment affirmed.