## RANGE SAND-LIME BRICK COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 29, 1917.

Nos. 20,356—(166).

**Eminent domain — order for spur track.**

　　1. A spur track required by an order of the Railroad and Warehouse Commission to be constructed by the defendant, in part at its own expense, to connect with the plaintiff's plant, was for a public use, and such order did not amount to the taking of property for private use.

**Same — order of railroad commission — police power.**

　　2. Such order was made in the exercise of the police power. The plaintiff was required to furnish the right of way and defray a portion of the cost of construction. A part was to be borne by the defendant. A reasonable public necessity was shown and the burden cast upon the defendant was not unreasonable. It is *held* that the order did not constitute a taking of property without due process in violation of the guaranties of the state or Federal Constitution.

The Railroad and Warehouse Commission granted the petition of Range Sand-Lime Brick Company for the construction of a spur track from defendant's road to petitioner's plant, specifying what work should be done by petitioner and what by defendant. From that order defendant appealed to the district court for St. Louis county, where the appeal was heard by Cant, J., who made findings and affirmed the order of the commission. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

　　*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for appellant.

　　*Lyndon A. Smith,* Attorney General, and *Henry C. Flannery,* Assistant Attorney General, for the Railroad and Warehouse Commission.

　　*H. S. Lord,* for respondent.

DIBELL, C.

The defendant appeals from the judgment of the district court of

[1] Reported in 163 N. W. 656.

St. Louis county affirming the order of the Railroad and Warehouse Commission entered pursuant to G. S. 1913, § 4284, requiring it to construct a spur track connecting its main line at the station of Swan Lake with the plaintiff's industrial plant located there so as to furnish reasonable shipping facilities.

1. The plaintiff owns and operates a brick manufacturing plant of considerable magnitude about 1,000 feet from the defendant's track at Swan Lake in Itasca county. The plant is also equipped for the manufacture of hydrate of lime and for the screening of gravel and has the necessary raw material. The defendant's road passes through plaintiff's land at the plant. Swan Lake is admitted by the pleadings to be a station. It is so designated on the defendant's map and tickets, and trains stop there. It is not, however, a regular station in the sense that it is supplied with a depot and sidetracks and the usual loading and unloading facilities. Nearby is the station of Pengilly on the Duluth, Missabe & Northern Railway and the latter company has contructed a spur into the plaintiff's plant. The two roads cross not far from the station. The commission found that the cost of constructing the proposed spur would be $2,154.96. Of this cost it found that the plaintiff should bear $802.60 in the way of furnishing certain materials and doing certain construction. It also required the plaintiff at its own expense to make an arrangement with the Missabe road, it appearing that such an arrangement could be made, whereby the defendant might use a portion of its track to reach the plant; and it further required the plaintiff to convey to the defendant the right to perpetually use, in the operation of its road, the right of way on which the spur track was to be constructed. It directed that the balance of the expense be borne by the defendant.

The requirement that the defendant expend money in the construction of the spur is concededly a taking of its property. The defendant contends that it is a taking for private use. We conclude that the use is public. The spur will not be merely a private siding. It will be a part of the defendant's railroad system and additional trackage for public use. The defendant gets title to the right of way. It is at the service of such of the public as wish its use. By its use the general public get the products of the plaintiff's plant and

there is a demand for them along the defendant's line. The defendant must continue its operation and through it serve the public. The defendant could have condemned for the spur and this upon the theory that the use to be made of it was public. Union Lime Co. v. Chicago & N. Ry. Co. 233 U. S. 211, 34 Sup. Ct: 522, 58 L. ed. 924; Chicago, B. & N. R. Co. v. Porter, 43 Minn. 527, 46 N. W. 75. That the proposed use is public was held in very similar situations in Ochs v. Chicago & N. W. Ry. Co. 135 Minn. 323, 160 N. W. 866, and State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859. And see State v. Willmar & S. F. Ry. Co. 88 Minn. 448, 93 N. W. 112.

2. The defendant further contends that the requirement that it construct the spur in part at its own expense constitutes a taking of its property without due process in violation of the guaranties of the state and the Federal Constitution. It relies upon Missouri Pac. Ry. Co. v. Nebraska, 217 U. S. 196, 30 Sup. Ct. 461, 54 L. ed. 727, 18 Ann. Cas. 989. The statute there considered required the construction of side tracks with no hearing upon the questions of necessity and reasonableness. Here ample opportunity for a hearing is given, first before the commission and then on appeal to the district court, and hearings were had.

The facts in State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859, and Ochs v. Chicago N. W. Ry. Co. 135 Minn. 323, 160 N. W. 866, are so much like those here that the decisions made upon them are substantially controlling. Both cite and discuss the Missouri Pacific case. The order of the commission was made in the exercise of the police power, and such an order if made upon due notice and after hearing, and what is required is reasonably necessary in the interest of the public and no unreasonable burden is cast upon the railroad, will be sustained.

A reasonable public necessity called for the construction of the spur. Without the connection the plaintiff could not compete with others in a like business. Theoretically at least the public is interested in having the plaintiff's products freely on the market and in having its industry developed. There is a demand for its various products on the line of the defendant's road and elsewhere. There was a sufficient public necessity shown. From the fact that the defendant is re-

quired to share the expense, it does not follow that its property is taken without due process. In the discharge of a duty cast upon it by the police power a common carrier often finds itself obliged to incur expense without immediate or direct pecuniary compensation.

In State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859, it was said that the legislature might have imposed upon the railroad the entire cost of side or spur tracks ordered in the exercise of the police power. Often an uncompensated duty imposed in the exercise of the police power is enforced against a carrier. See Wisconsin M. & Pac. R. Co. v. Jacobson, 179 U. S. 287, 21 Sup. Ct. 115, 45 L. ed. 194, affirming 71 Minn. 519, 74 N. W. 893, 40 L.R.A. 389, 70 Am. St. 358; Northern Pacific Ry. Co. v. State of Minnesota, 208 U. S. 583, 28 Sup. Ct. 341, 52 L. ed. 630, affirming 98 Minn. 429, 108 N. W. 269; State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 108 N. W. 261, 28 L.R.A. (N.S.) 298, 120 Am. St. 581, 8 Ann. Cas. 1047; Mayor of Worcester v. Norwich & W. R. Co. 109 Mass. 103; People v. Boston & A. R. Co. 70 N. Y. 569. The statute provides that the terms shall be fixed by the commission. G. S. 1913, § 4284. No great burden is put upon the defendant. It must submit to some initial expense. In return it gets freight in and out and a right of way which it uses in connection with its system. The defendant's property was not taken without due process either because the proceeding provided by the statute was insufficient, or because of a lack of public necessity, or because the burden imposed was unreasonable.

Complaint is made that the public necessity was not found. It was not found specifically, but it was necessarily implied in the order of the commission affirmed by the court.

Judgment affirmed.