# D. D. SIMMONS v. NORTHERN PACIFIC RAILROAD COMPANY AND ANOTHER.[1]

December 10, 1920.

No. 21,974.

**Railway—public warehouse on right of way—construction of statute.**

1. The right to use a railroad right of way as a site for a public warehouse, given by R. L. 1905, §§ 2106-2113, G. S. 1913, §§ 4506-4513, includes the right of use for a public potato warehouse and is not limited to grain elevators. The changed language in the revision of 1905 indicates an intention not to limit the use to grain warehouses or elevators as limited by the original statute.

**Eminent domain — proposed use a public use.**

2. The use of a warehouse on a right of way as a public potato warehouse is a public use, and the use proposed to be made of the defendant's right of way by the plaintiff is a public use.

**Immaterial that grant was from the United States.**

3. That the right of way of the defendant came by grant from the United States does not prevent the state from requiring it to permit the location thereon of a warehouse for public use.

**Statute does not deprive courts of jurisdiction.**

4. Chapter 490, Laws 1919, does not vest exclusive jurisdiction in the Railroad and Warehouse Commission to subject a railroad right of way to use as a site for a public warehouse, and a proceeding may be taken under R. L. 1905, §§ 2106-2113, G. S. 1913, §§ 4506-4513.

Proceedings in the district court for Clay county to acquire a portion of defendant's right of way in the village of Hawley for a potato warehouse. The defendant filed objections to the complaint and alleged, among other matters, that there was no law of Minnesota authorizing condemnation of a portion of the right of way for the purposes referred to, and that the business conducted in the past by plaintiff and proposed was a purely private enterprise. The matter was heard by Nye, J., who made

[1] Reported in 180 N. W. 114.

findings and ordered that a lease be duly executed and delivered by defendant to plaintiff at an annual rental of $22.50, in accordance with the written application of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*D. F. Lyons* and *D. R. Frost,* for appellant.

*James M. Witherow,* for respondent.

DIBELL, J.

This is a proceeding by the plaintiff under the provisions of R. L. 1905, §§ 2106-2113, G. S. 1913, §§ 4506-4513, to obtain the use of a portion of the defendant's right of way in the village of Hawley, Clay county, for the purpose of a public potato warehouse. There was judgment for the plaintiff and the defendant appeals.

The defendant makes four claims:

(1) That the statute is limited to obtaining the use of a railroad right of way for a public grain elevator or warehouse.

(2) That the use of the right of way for a potato warehouse, as proposed by the plaintiff, is not a public use.

(3) That the grant of the right of way to the defendant by the United States was a conclusive determination that the land granted was necessary for purposes of a right of way, and that the defendant cannot be required to submit any portion of it to use for a public warehouse.

(4) That by Laws 1919, p. 642, c. 490, exclusive authority is vested in the Railroad and Warehouse Commission to subject a railroad right of way to use for the purpose of a public warehouse.

1. The existing statute had its origin in Laws 1893, p. 177, c. 64, entitled "An act providing for the erection of public grain warehouses and grain elevators, on or near the right of way of railways, and providing for condemnation proceedings in connection therewith." Section 1 provided for the acquisition of the right to use the railway's right of way by "any person, firm or corporation desirous of erecting and operating at or contiguous to any railway station or siding a warehouse or elevator for the purchase, sale, shipment or storage of grain for the public for hire," etc. The elevator or warehouse was to be "within and between the outside switches of the yard of such railway station or siding." The statute continued in its original form until the revision

of 1905.  Section 2106 of the revision, which is G. S. 1913, § 4506, provides:

"Any person shall have the right to use, as a site for a public warehouse, a proper portion of the right of way of any railroad, within the outside switches at any station or siding, upon the payment of reasonable compensation."

The sections following give the procedure for acquiring the right.

The noticeable change is the dropping of the words "grain" and "elevator" and the use of the word "warehouse" as descriptive of the character of the use which may be imposed upon the railroad right of way. The rule is that changes in a revision will not be considered as altering the law, unless it is clear that such was the intention.  Manson v. Village of Chisholm, 142 Minn. 94, 170 N. W. 924; Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243.  The report of the revision commission states that no change of substance in chapter 28, which includes the statutes noted, was intended.  But in our view the changed language is significant of a legislative purpose to permit the use of a right of way for warehouses other than those facilitating grain transportation and the legislative intent is what we seek.  Such warehouses have long been common.  We hold that under the revision a railroad may be required in a proper case to submit its right of way to use for a public potato warehouse.

2. The use of a right of way for a potato warehouse is a public use. We do not understand the defendant to urge the contrary.  Such a warehouse is a necessary facility in the transportation of potatoes under conditions obtaining now and for a long time past.  It is as much so in character as a grain elevator, which was held a transportation facility constituting a public use of the right of way in a proceeding under the statute in Stewart v. Great Northern Ry. Co. 65 Minn. 515, 68 N. W. 208, 33 L.R.A. 427.  Potatoes cannot be marketed and shipped successfully without properly equipped warehouses.  The plaintiff proposes using the warehouse as a necessary facility in transportation.  It is not his purpose to use it for a merely private purpose.  The evidence does not sustain the defendant's contention in this respect.

3. The Northern Pacific right of way came by grant from the United

States. The defendant claims that the grant was a conclusive determination that the amount of land granted was necessary for a right of way and that no limitation such as here sought can be imposed. Counsel cite Northern Pacific R. Co. v. Townsend, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044, reversing 84 Minn. 152, 86 N. W. 1007, 87 Am. St. 342. It was there held that a portion of the railway company's right of way could not be acquired by adverse possession. The acquisition by adverse possession was the acquisition of a private title. No public use was involved. The court in its discussion said:

"Of course, nothing that has been said in anywise imports that a right of way granted through the public domain within a state is not amenable to the police power of the state. Congress must have assumed when making this grant, for instance, that in the natural order of events, as settlements were made along the line of the railroad, crossings of the right of way would become necessary, and that other limitations in favor of the general public upon an exclusive right of occupancy by the railroad of its right of way might be justly imposed. But such limitations are in no sense analogous to claim of adverse ownership for private use."

We do not give to this case the effect claimed for it. It does not hold that the state in the interest of the public, either in the exercise of the power of eminent domain or of the police power, may not compel the railroad to submit its right of way to a public use or facility which it does not itself furnish. The statute is applicable.

4. Lastly, it is urged that chapter 490, p. 642, Laws 1919, entitled "An act relating to public warehouses on the right of way of railroads," gives to the Railroad and Warehouse Commission exclusive original jurisdiction of the question presented in this case. That it gives jurisdiction is not questioned. It contains no repealing clause. We are brought to the conclusion that it does not supersede the general statute. Likely it would be better if it did. The whole matter of permitting the location of warehouses on rights of way is so largely administrative and so little judicial that the commission, with all the information and resources which it has at hand, is in a better position than is the district court to settle the controversy speedily and rightly in the first instance. Railway facilities and conveniences quite analogous to warehouses are

required by the state in the exercise of the police power by railway companies. State v. Great Northern Ry. Co. 130 Minn. 57, 153 N. W. 247, Ann. Cas. 1917B, 1201; State v. Great Northern Ry. Co. 135 Minn. 19, 159 N. W. 1089; State v. Chicago, M. & St. P. Ry. Co. 115 Minn. 51, 131 N. W. 859; Ochs v. Chicago & N. W. Ry. Co. 135 Minn. 323, 160 N. W. 866, Ann. Cas. 1918E, 337; Range S. L. Co. v. Great Northern Ry. Co. 137 Minn. 314, 163 N. W. 656, L.R.A. 1918B, 784. Neither the general statute nor the one of 1919 seeks to require of railways the furnishing of a warehouse essential to successful transportation. Nothing more is sought than that railways upon compensation paid submit their rights of way to such public use. The argument that the 1919 act intends exclusive original jurisdiction in the commission, since it exercises similar jurisdiction in the police power, fails because the statute provides a limited condemnation and does not in the exercise of the police power require the railway to furnish the transportation facility.

Judgment affirmed.