## WILLIAM H. SALMON v. CENTRAL TRUST & SAVINGS BANK.[1]

December 14, 1923.

No. 23,729.

**Time for redemption from foreclosure sale of mechanic's lien.**

1. The time to redeem from a foreclosure sale under a mechanic's lien dates from the confirmation of the sale and not from the day of sale.

**Construction of Revised Laws 1905.**

2. In determining the meaning of a provision of R. L. 1905, recourse may be had to the report of the revision commission, as an aid to construction, though its expressed intention will not control the plain language of the statute,

[1]Reported in 196 N. W. 468.

Action in the district court for Ramsey county. The case came on before Olin B. Lewis, J., defendant being in default, who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to order for judgment, defendant appealed. Affirmed.

*Christofferson, Walsh, Christofferson & Jackson* and *Herbert L. Dunn,* for appellant.

*Herbert P. Keller* and *Bruce J. Broady,* for respondent.

DIBELL, J.

Action to set aside the redemption by the defendant Central Trust & Savings Bank, a first mortgage creditor, from a sale under a mechanic's lien foreclosure. The decision was in favor of the plaintiff and the defendant appeals.

1. The property was sold on mechanic's lien foreclosure on January 30, 1922. The sale was confirmed by the court on December 16, 1922. On January 29, 1923, the defendant filed its notice of intention to redeem, as a lien creditor, and on January 31, 1923, the owner not having redeemed, made a redemption. The question is whether the time in which the owner may redeem expires one year from the date of sale or one year from the order of confirmation. If it expires one year from the date of sale the title is in the defendant. If it expires one year after the confirmation the plaintiff is the owner and has the right of redemption, and the bank has the first lien, and may redeem, if the plaintiff does not, within 5 days after the year allowed the plaintiff.

The mechanic's lien statute of 1878 provided as follows:

"Any person holding a lien under the provisions of the preceding sections may proceed to obtain judgment, and enforce the same, in the same manner as in actions for the foreclosing of mortgages upon real estate." G. S. 1878, c. 90, § 8.

Sections 10 and 11 of the same chapter provided for sales on execution, with an attendant redemption, in certain cases of no application here. Otherwise the statute made no reference to a redemption. In Bovey De Laittre Lumber Co. v. Tucker (1892), 48 Minn.

223, 50 N. W. 1038, it was held, construing section 8, that there existed the same right of redemption from a mechanic's lien foreclosure as from a mortgage foreclosure by action. The question of time was not involved. The redemption from a mortgage foreclosure by action might then as now be made "within one year after the date of the order of confirmation." G. S. 1913, § 8167; R. L. 1905, § 4496; G. S. 1878, c. 81, § 34.

In 1889 a mechanic's lien statute, which is substantially the present one, was enacted. Laws 1889, p. 313, c. 200. The 1878 lien statute, except a few sections relating to personal property liens, was repealed. The repeal included sections 8, 10 and 11 noted above.

Section 10 of chapter 200 contained this provision, which was substantially section 8 of the 1878 statute before quoted:

"Any person having a lien given by the provisions of this act, may proceed to obtain judgment and enforce the same, in the same manner as in actions for the foreclosure of mortgages upon real estate, except as otherwise herein provided."

Section 13 was as follows:

"Upon the sale of any real property under the provisions of this act, when the interest or estate sold is a leasehold of less than two (2) years, unexpired term, from the time of such sale or is at the time of such sale the interest or estate of a vendee of such property under an executory contract of sale, the conditions of which are to be performed within two (2) years from the date of the contract, the sale is absolute; in all other cases the property sold is subject to redemption as provided by law."

The quoted portion of section 10 was carried into the revision of 1905 as follows:

"Such liens may be enforced by action  *  *  * which action shall be begun and conducted in the same manner as actions for the foreclosure of mortgages upon real estate, except as herein otherwise provided." R. L. 1905, § 3513, G. S. 1913, § 7028.

The quoted portion of section 13 was carried into the revision as follows:

"If the estate sold be a leasehold  *  *  *  no redemption shall be allowed; in all other cases the right of redemption shall be the same as upon execution sales. But no sale shall be deemed complete until reported to and confirmed by the court." R. L. 1905, § 3518; G. S. 1913, § 7033.

The provision for redemption from execution sales long has been and is now as follows:

"Within one year after the day of sale the judgment debtor, his heirs or assigns, may redeem  *  *  *  ." G. S. 1913, § 7945; R. L. 1905, § 4311; G. S. 1878, c. 66, § 324.

The foreclosure of a mechanic's lien has always been conducted as a foreclosure of a mortgage by action is conducted. A statute, like the one noted, has always so provided. The effect of the statute, as held in the Bovey-De Laittre case, was to give a right of redemption like the redemption in case of the foreclosure of a mortgage by action. The 1889 lien statute made no change in the matter of redemption. It retained the statute. Section 13 provided, however, that the sale, except in case of certain leaseholds or the vendee's interest under a contract of sale, should be "subject to redemption as provided by law." The only redemption provided by law was that announced in the Bovey-De Laittre case in construing G. S. 1878, c. 90, § 8, section 8 being in effect the same as Laws 1889, p. 317, c. 200, § 10, both quoted above; and that was a redemption as in case of sales on foreclosure of mortgages by action.

If there is a change it comes through that portion of the revision embodied in R. L. 1905, § 3518, G. S. 1913, § 7033, providing that "the right of redemption shall be the same as upon execution sales. But no sale shall be deemed complete until reported to and confirmed by the court."

The revision should not be construed as intending that the period of redemption dates from the day of sale instead of, as always before, from the confirmation. The language indicates that a completed sale from which there might be a redemption was intended. There is no such sale until confirmation. There is a reason why the period of redemption from a foreclosure of a mortgage or lien by

action, where a confirmation is requisite to the completion of a sale, should date from the confirmation. There is no reason why the period should date from a different time in one case from that in the other. There is reason why the period of redemption from an execution sale and from a mortgage sale under a power should date, as they do, from the time of sale. No other date suggests itself. There is no confirmation of such sales.

2. The revision commission had this to say relative to the lien law embodied in the revision of 1905:

"Subdiv. 1, with some of the general provisions of Subdiv. 5, is meant to restate the lien law of 1889 (Chap. 200) as left by the decisions and the subsequent amendments." Report Rev. Com. 28.

Subdivision 1 is contained in R. L. 1905, §§ 3505-3520; and subdivision 5 is contained in sections 3548-3551. In construing the provisions of the 1905 revision reference may be had to the report of the commission. Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833; U. S. & C. Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1912A, 51; Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 139 N. W. 300; Dunnell, Minn. Dig. and 1916 and 1921 Supp. § 8961, and cases cited. Thus, in Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606, Judge Taylor, in stating the rule, said:

"In construing the revised laws reference may be had to the report of the commission which drafted them, as the legislature undoubtedly gave weight to such report in enacting them. * * * The presumption is that no change in the existing law was intended by the revision and to give it effect as changing the former law, the intention to make such change must clearly appear from the language of the statute when taken in connection with the history of the act and the purpose sought to be accomplished by it."

The language of the statute may be such as to justify a changed meaning although the revision commission states that no change of substance was intended. Simmons v. Northern Pacific R. Co. 147 Minn. 313, 180 N. W. 114; Williams v. Reid, 130 Minn. 256, 153 N. W. 324, 593.

In a case like this, where the whole law bearing on mechanics' liens is brought together, and the provisions of other statutes not bearing upon mechanics' liens are incorporated by reference, the expressed purpose of the revision commission is of weight, as an aid to construction, for, as Judge Taylor says in the Wipperman case, "the legislature undoubtedly gave weight to such report."

We hold that the period of redemption from a mechanic's lien foreclosure dates from the order of confirmation. The plaintiff's right of redemption does not expire until one year from December 16, 1922. Within that year a lien creditor has no right of redemption. That made by the defendant is of no effect.

Order affirmed.