(No. 22719.—

WILLIAM YOWELL, *et al.* Appellees, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed April 18, 1935.*

GEORGE B. GILLESPIE, (H. N. QUIGLEY, S. W. BAXTER, EDMUND BURKE, and LOUIS F. GILLESPIE, of counsel,) for appellant.

OTTO KERNER, Attorney General, IRVIN ROOKS, and HOWARD C. KNOTTS, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

William Yowell, county superintendent of highways of Macoupin county, and Otto Feyen, highway commissioner of Gillespie township, in that county, filed with the Illinois Commerce Commission a petition against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. By this petition they sought the entry of an order authorizing the construction of a grade crossing over the tracks of the respondent in the town of Gillespie. The Commerce Commission found that public convenience and necessity required the proposed grade crossing, authorized its construction, and directed the respondent to construct and maintain the crossing at its sole expense. The respondent filed a petition for a rehearing and the petition was denied. Upon appeal the circuit court of Macoupin county confirmed the order of the Commerce Commission, and the respondent railway company prosecutes this appeal from that order of the circuit court.

It is charged in the petition that the petitioners propose to construct a grade crossing over the tracks of the railway company from the northerly line of the State aid road from Gillespie to Dorchester, connecting the road with the south end of Oregon street, in Gillespie, and that it will be necessary to cross over the right of way and tracks of the respondent at the particular intersection.

From the evidence it appears that the main and passing tracks of the respondent extend in a northeasterly and south-

westerly direction through the territory in question; that four passenger and two freight trains are operated over these tracks each day; that the city of Gillespie is so platted that its north and south streets intersect these tracks at an angle of approximately ninety degrees; that State Bond Issue Route 4 is routed over Macoupin street, extending in a north and south direction, and that it is the principal thoroughfare of the city; that the proposed extension is of an existing highway (an ordinary dirt road) at grade across the tracks and right of way of the railway company about 2700 feet west of the intersection of Macoupin street and the company's tracks, and that the purpose of extending this highway is to shorten the route for high school students and other persons residing to the south and west of the tracks in the township that have occasion to use either the school or a commercial swimming pool located about 2400 feet north of the tracks. It further appears from the evidence adduced that the opening of the street in question would cut into the middle of a siding used by the railway company, upon which it does all of its switching on the particular division of its road; that the opening of a crossing at this point would compel the company to cut its freight trains of from fifty to sixty cars that meet at Gillespie each day and switch them onto this siding and to protect the crossing while the switching operations are being handled; that in cases of trouble or of wrecks on the St. Louis division all of the trains operated on that division are diverted over the line running through Gillespie, and that on such occasions between fifty-five or sixty through trains pass in twenty-four hours, and that the contemplated crossing would constitute an additional potential hazard. The respondent's evidence discloses that another grade crossing at Jersey street, approximately 600 feet west of Macoupin street and about 2100 feet from the proposed crossing, would not be closed, and that the opening of this contemplated crossing would create two grade crossings within this distance.

The order of the commission is based upon findings (1) that the petitioners have complied with the statutory requirements for the opening of a certain highway proposed to be extended across the respondent's tracks at a point near the southwest corner of the northwest quarter of section 24, township 8 north, range 7 west, near the city of Gillespie; (2) that the proposed highway, when opened to traffic over the tracks, will more conveniently serve the west-side residents of Gillespie and the community high school district; (3) that owing to the lack of crossings in the west part of Gillespie the persons residing there are considerably inconvenienced by being required to travel a circuitous route to reach points on either side of the tracks; (4) that public convenience and necessity require the proposed highway to be extended at grade at the point in question; and (5) that no crossings have heretofore been provided in the westerly portion of Gillespie for a distance of approximately 2100 feet.

The respondent contends that the Commerce Commission's order is invalid for the want of evidence and findings of fact to support its conclusion that public necessity and convenience require the construction of the particular crossing. Section 65 of the Public Utilities act (Cahill's Stat. 1933, p. 2205; Smith's Stat. 1933, p. 2250;) requires the commission, at the conclusion of a hearing upon any complaint, to make and render findings concerning the subject matter and facts inquired into and to enter its order based thereon. The requirement is mandatory that the findings of fact upon the principal issues be sufficiently specific to enable the court to review intelligently the commission's decision and to ascertain whether the facts on which the order is predicated afford a reasonable basis for it. (*City of Chicago* v. *Commerce Com.* 356 Ill. 501; *Louisville and Nashville Railroad Co.* v. *Commerce Com.* 353 id. 375; *Chicago, Rock Island and Pacific Railway Co.* v. *Commerce Com.* 346 id. 412; *Central Northwest Business Men's Ass'n*

v. *Commerce Com.* 337 id. 149; *Chicago Railways Co.* v. *Commerce Com.* 336 id. 51.) If they do, the facts found may be re-examined, in connection with the evidence, to ascertain if they support the findings, but this court, to sustain the order, will not enter upon an independent investigation of the evidence to develop new facts not found by the commission. (*Louisville and Nashville Railroad Co.* v. *Commerce Com. supra; Chicago, Rock Island and Pacific Railway Co.* v. *Commerce Com. supra; Kewanee and Galva Railway Co.* v. *Commerce Com.* 340 Ill. 266; *Central Northwest Business Men's Ass'n* v. *Commerce Com. supra; Chicago Railways Co.* v. *Commerce Com. supra.*) The order must contain more than a mere reference to the evidence, a finding of the ultimate facts being required by the statute. (*Peoples Fruit Shippers Ass'n* v. *Commerce Com.* 351 Ill. 329; *Chicago Railways Co.* v. *Commerce Com. supra.*) Otherwise, the courts will be helpless in their effort to determine whether the order is based upon such findings. *Public Utilities Com.* v. *Springfield Gas Co.* 291 Ill. 209.

In its findings the Commerce Commission wholly failed to state any facts which would show why the respondent should construct the particular grade crossing to properly serve the public convenience and necessity. The findings made by the commission express mere conclusions not based upon any facts found by it, to the effect that owing to the lack of crossings in the west portion of Gillespie its residents are discommoded by being compelled to resort to a circuitous route to reach points on either side of the tracks, and that the proposed highway, when opened, will more conveniently serve them and also the community high school district. The order does not purport to find that the general public interest requires the particular crossing. In every application of this kind the primary and controlling interest to be considered is the public interest. The convenience and necessity required to support an order of

the commission are those of the public and not of the individual or a number of individuals. *O'Keefe* v. *Chicago Railways Co.* 354 Ill. 645; *Roy* v. *Commerce Com.* 322 id. 452; *Choate* v. *Commerce Com.* 309 id. 248; *West Suburban Transportation Co.* v. *Chicago and West Towns Railway Co.* 309 id. 87.

The petitioners argue, however, that the order discloses that the convenience and necessity of approximately half of the territory served by the community school of the city of Gillespie so affect, either actually or potentially, every family in the community, and that the convenience and necessity of students going to and from that school are of a public nature sufficient to sustain the order. The answer to this argument is that the order does not show the number of persons who would be affected or to whom advantages would accrue from the proposed crossing. Even if it be conceded that a considerable number of individuals might find it slightly more convenient if they were saved the walk of a few extra blocks to reach the existing crossing at Macoupin street or Jersey street, the concession cannot avail the petitioners, as this does not establish a case of public convenience and necessity. (*O'Keefe* v. *Chicago Railways Co. supra; West Suburban Transportation Co.* v. *Chicago and West Towns Railway Co. supra.*) The purported findings are mere conclusions drawn from all the evidence without any findings of fact from which the conclusions can be reached, and they are not definite enough to justify any order based thereon.

It becomes unnecessary to consider the other errors assigned.

The judgment of the circuit court of Macoupin county is reversed and the cause is remanded to the circuit court, with directions to remand it to the Commerce Commission to make definite and specific findings of fact in accordance with the mandate of the statute.

*Reversed and remanded, with directions.*