(No. 20896.—

THE PIONEER CREAMERY COMPANY *vs.* THE AMERICAN RAILWAY EXPRESS COMPANY, Appellee.—(THE BEATRICE CREAMERY COMPANY, Appellant.)

*Opinion filed February 19, 1932—Rehearing denied April 8, 1932.*

GEORGE H. WHITE, and WALTER L. DILGER, for appellant.

RODNEY LEO STUART, and ALBERT M. HARTUNG, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

This is a statutory appeal under the Public Utilities act. from an order of the Illinois Commerce Commission deny-· ing reparation to the complainant, the Pioneer Creamery Company, now the Beatrice Creamery Company. The com-

plaint before the commission alleged that the regular second-class express rates applied to the transportation of cream by the defendant express company from certain points in the State to Galesburg when routed over the lines of the Chicago, Burlington and Quincy Railroad Company (herein called the Burlington) from January 26, 1923, to July 28, 1928, were excessive, unjust and unreasonable, in violation of section 32 of the Public Utilities act, and unduly prejudicial and preferential to other shippers, in violation of section 38 of said act, and asked reparation. The defendant's answer admitted charging the regular second-class express rates on the shipments but denied that the rates were excessive, unreasonable or otherwise unlawful. Upon the hearing before a representative of the commission, complainant amended its complaint by waiving claim for reparations on all shipments moving prior to December 1, 1926.

The facts sufficiently stated are as follows: Some of the cream purchased by complainant in Illinois was at cream stations situated on railroads which transferred it to the Burlington at certain transfer points, thus completing the carriage of the cream to complainant. These shipments were made by express and the defendant charged the second-class rate from point of origin to Galesburg. This rate was seventy-five per cent of the first-class rate and applied to all food shipments. A much lower rate, called a "mileage rate," was charged by defendant on cream shipments in cans that did not reach complainant over the lines of the Burlington. Defendant in its answer claimed that it could not publish the mileage rate where its shipment of cream went to complainant wholly or partially over the lines of the Burlington, because of a contract made in 1917 between the Burlington and defendant whereby all traffic transported on passenger trains, except milk and cream, should be considered express traffic. It is contended that under this contract the Burlington retained the exclusive right to handle cream traffic in its baggage service in a

station-to-station movement, leaving no alternative to the defendant except to charge the second-class rate. The defendant, while admitting the publication of mileage rates on cream shipped on other railroads, averred that it could not include such rates on cream shipments originating on or routed over the Burlington because of this contract. In 1928 the Burlington waived its right under this contract and since then the mileage rate has applied, so that complainant is only concerned with the recovery of reparations from 1926 to 1928, amounting to about $2000.

Complainant contends that the commission was bound by law to either find the second-class rate lawful or unlawful, and failed in its duty by saying that it could not interfere to impair the contractual rights of the Burlington and defendant.

The commission based its order on the case of *Express Rates on Milk and Cream between Illinois Central Railroad Points,* 74 I. C. C. 427. While that case did not involve the reasonableness of rates it did involve the question whether or not the express company could publish rates for cream which it had no right to handle because of a restrictive contract with the rail carrier. The express company wanted to cancel the mileage rates on cream which were then in effect. The Interstate Commerce Commission held that such rates should be canceled, otherwise it would amount to a revision of the express company's contract and thereby give it certain traffic rights which were not contemplated by the contract between the company and the carriers. In reaching this decision the Interstate Commerce Commission said that no legislative authority allowing it to impair such contracts had been brought to its attention and it was aware of none.

The decision of the Interstate Commerce Commission in *Express Rates on Milk and Cream via Chicago and Northwestern Railway,* 88 I. C. C. 696, relied upon by appellant, is not applicable, for there the railroad company was brought

into the proceeding while here the Burlington was not a party. Likewise the case of *Bridgeman-Russell Co.* v. *American Railways Express Co.* 165 I. C. C. 513, must be distinguished from the present case. In that case the express company had violated its contract with the carrier by publishing rates, which it could not rightfully do, but, having done so, the commission held that it was proper to inquire if the rates so established were in excess of reasonable rates, and if they were, to afford relief. In the present case the express company made no effort to violate its contract with the Burlington.

The record shows that appellant was acquainted with the contract between the Burlington and the express company and deliberately chose to avail itself of the second-class express rates. During the existence of these rates appellant failed to seek redress through the commission by a proceeding against the railroad and express companies jointly. This failure to act while the rates were in effect tends to show that appellant by its acquiescence considered the second-class rates not unreasonable, unjust or discriminatory.

This court has repeatedly held that in its review of the commission's order it is limited to a determination of whether the commission acted within the scope of its authority, whether the order has substantial foundation in the evidence, and whether any substantial right has been infringed by such order, (*Wabash, Chester and Western Railroad Co.* v. *Commerce Com.* 309 Ill. 412,) and that the court is not authorized to substitute its judgment for that of the commission and try anew the issues presented. *Commerce Com.* v. *Omphghent Township*, 326 Ill. 65; *Business Men's Ass'n* v. *Commerce Com.* 337 id. 149.

The order of the commission in this case was in accord with the evidence, and the judgment of the circuit court of Knox county affirming its order is affirmed.

*Judgment affirmed.*