(No. 22074.—

RAYMOND T. O'KEEFE, Appellee, *vs.* THE CHICAGO RAIL-WAYS COMPANY *et al.* Appellants.

*Opinion filed December 22, 1933—Rehearing denied Feb. 9, 1934.*

WEYMOUTH KIRKLAND, JAMES M. SHEEAN, and HARRY P. WEBER, for appellants.

RAYMOND T. O'KEEFE, *pro se.*

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

An application was filed before the Illinois Commerce Commission by appellee, Raymond T. O'Keefe, against appellants, the Chicago Railways Company and its receivers, for an order directing the company to extend its existing railway tracks or to install bus service into an outlying section of the city. After hearing evidence the commission found that four existing street railway lines of the company furnished reasonably adequate transportation facilities for all persons living in the territory involved, and on May 10, 1932, entered an order denying the prayer of the application. Appellee then perfected an appeal to the circuit court of Cook county, where on June 3, 1933, an order was entered vacating the order of the commission because that order "is without substantial foundation in the evidence and is unreasonable and unlawful." In its order the circuit court found that "in the proceedings before the Illinois Commerce Commission evidence was offered and considered by the commission that a number of applications, including the present application, were then pending before the commission for a number of extensions of the Chicago Railways Company," and held "that such evidence should not have been admitted and should have no influence in determining the judgment of the commission on the merits of the petitioner's application," etc. From this judgment of the circuit court the present appeal was taken.

The application filed with the Illinois Commerce Commission alleged, in substance, that a certain area for a distance of approximately two and one-half miles west of Central avenue in the vicinity of Fullerton avenue, in the

city of Chicago, there is no street car service, and that there are from 1500 to 2000 people in that area who are deprived of some means of transportation and who have to walk a great distance in order to reach transportation. It is further alleged that in 1928 the Chicago Railways Company, the Calumet and South Chicago Railway Company and the Southern Street Railway Company, in case No. 17869, then pending before the Illinois Commerce Commission, filed an answer, in which they stated their proposal, ability and willingness to install a feeder bus street railway extension in Fullerton avenue from Central avenue to Narragansett avenue, and in view of this the complainant prays that the commission enter an order directing the Chicago Railways Company to extend its existing Fullerton avenue tracks or to install an auxiliary feeder bus service in Fullerton avenue from Central avenue to Grand avenue.

To the amended complaint the respondents filed an answer, setting forth that the existing street railway lines furnish reasonably adequate transportation facilities for the entire territory between North Central avenue, North Narragansett avenue, Diversey avenue and Grand avenue; that there are street railway track or trolley bus lines on each of these four avenues; that none of the people in this area have to walk an unreasonable distance to the existing transportation lines, and to approximately ninety per cent of the people the line on North Central avenue, Diversey avenue, Grand avenue or Narragansett avenue is readily accessible by a very short walk; that under existing conditions there is no public convenience or necessity to be served, or met by the extension of the Fullerton avenue line to Grand avenue; that at no time did the Chicago Railways Company, the Calumet and South Chicago Railway Company and the Southern Street Railway Company file an answer in case No. 17869 before the Illinois Commerce Commission stating their proposal, ability and willingness

to install a feeder bus street railway extension on Fullerton avenue from North Central avenue to North Narragansett avenue, and that neither in that case nor in any other case was there ever any authorization or direction by the commission to install such a street railway extension; that there are pending before the commission a number of complaints and applications for orders directing street railway extensions by the Chicago Railways Company and its receivers, the cost of installing which, including the one on Fullerton avenue, would be approximately $1,320,000, with an annual operating cost of approximately $437,000; that the Chicago Railways Company and its receivers do not deem it feasible or possible to construct or install an extension on Fullerton avenue and that such extension is not called for in the interest of public convenience and necessity; that all of the property and funds of the Chicago Railways Company are in the custody of the District Court of the United States for the Northern District of Illinois, eastern division, through its receivers, and that there are no funds in the hands of the receivers which are or will be available or which properly could be availed of or which the receivers could or would petition the court to use for the purpose of meeting the cost of the extension applied for in this case.

On the hearing before the commission three witnesses testified on behalf of the complainant, and it was stipulated that thirty-two others would, if called, testify substantially the same. No proof was adduced showing that there is a space of two and one-half miles west of Central avenue where there is no street car service, or that there were from 1500 to 2000 residents in the vicinity of Fullerton avenue between Central and Grand avenues who are deprived of some means of transportation and have to walk great distances to secure adequate transportation. None of the testimony referred to the proposed auxiliary feeder bus service in Fullerton avenue, nor was there any proof

that several years ago three of the street railway companies filed an answer in another case stating their willingness and ability to install such bus service. From all the testimony, before the commission it was shown that there are existing, street railway lines on each of the four streets bounding the territory involved—North Central avenue, North Narragansett avenue, Diversey avenue and Grand avenue; that the farthest distance those living in the center of the territory would have to walk in order to reach one of these four car lines would be less than three ordinary blocks, and that for fully three-fourths of the territory the longest distance to one or more of these several transportation lines would not be more than two blocks. None of the evidence introduced by respondents in support of the averments in their answer was controverted. One of the witnesses for respondents testified as to applications for street railway extensions then pending before the commission and the estimated cost thereof, as well as the estimated cost of the proposed extension on Fullerton avenue. No objection was made by appellee to the admission of this testimony.

In its order the commission held that the four existing transportation lines furnish reasonably adequate transportation facilities for all those living in the territory involved. and that no public convenience and necessity call for an extension of the Fullerton avenue street car line west of Central avenue. This finding was based on uncontroverted evidence in the record, which was summarized by the commission in its order. This court has repeatedly held that a review of the commission's order is limited to a determination of whether the commission acted within the scope of its authority, whether the order has substantial foundation in the evidence, and whether any substantial right has been infringed by such order. (*Pioneer Creamery Co.* v. *American Express Co.* 348 Ill. 30, and cases cited.) It is not denied in this case that the Commerce Commission acted within the scope of its authority, with complete jurisdic-

tion of the subject matter and parties, nor is it contended that any constitutional right was violated by the order of the commission. Therefore the only remaining question is whether the order entered by it was without substantial foundation in the evidence—in other words, whether the proposed track extension was required as a matter of public convenience and necessity. Practically all the evidence before the commission was directed to this inquiry. The order of the commission was likewise devoted almost entirely to this issue. Specific findings of fact established by the evidence were included in the order, to the effect that existing railway lines furnished reasonably adequate transportation facilities for all those living in the territory involved. It is true that the testimony of one witness relative to other applications for street railway extensions pending before the commission was admitted without objection, but this evidence was referred to only incidentally in the findings of the commission that the receivers had no funds to pay the cost of the proposed extension. Even if this evidence had been objected to, its admission would not have been reversible error, as it did not relate to the vital question at issue in the case. (*Chicago and Northwestern Railway Co.* v. *Commerce Com.* 326 Ill. 652.) Without this testimony as to other pending applications there was ample evidence of a conclusive and uncontradicted character to sustain the findings and order of the commission that the public convenience and necessity did not require the extension applied for. Unless manifestly against the evidence, the finding of the commission within the scope of its authority is conclusive on the reviewing courts, (*Public Utilities Com.* v. *Smith,* 298 Ill. 151; *Wabash, Chester and Western Railroad Co.* v. *Commerce Com.* 309 id. 412;) as we must accord to its decisions the strength due to the judgment of a tribunal appointed by law and informed by experience. *Public Utilities Com.* v. *Springfield Gas Co.* 291 Ill. 209.

From the facts disclosed by the evidence in this case no other conclusion than the one reached was open to the commission. As was properly found, a track extension on Fullerton avenue would be neither a convenience nor a necessity to the great majority of the people in the area involved, as reasonably adequate service was being furnished by the four existing street railway lines then in operation. The convenience and necessity required to support an order of the commission are those of the public and not of the individual or a number of individuals. (*Roy* v. *Commerce Com.* 322 Ill. 452.) While a considerable number of individuals might find it slightly more convenient if they were saved the walk of one or two blocks to reach the existing car lines, this does not establish a case of public convenience and necessity. (*West Suburban Transportation Co.* v. *Chicago and West Towns Railway Co.* 309 Ill. 87.) The order of the commission was within the scope of its authority and supported by conclusive and uncontradicted evidence in all its essential features, and the circuit court therefore erred in setting it aside.

The judgment of the circuit court is reversed and the order of the Illinois Commerce Commission is affirmed.

*Judgment of circuit court reversed.*
*Order of Commerce Commission affirmed.*