(No. 25950.

THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.* Appellees, *vs.* THE ILLINOIS COMMERCE COMMISSION, Appellant.

*Opinion filed February 18, 1941.*

JOHN E. CASSIDY, Attorney General, (HARRY R. BOOTH, and GEORGE H. O'BRIEN, of counsel,) for appellant.

JOSEPH H. WRIGHT, (EDWARD C. CRAIG, VERNON W. FOSTER, CHARLES E. FEIRICH, and HELM & HELM, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Illinois Central Railroad Company and the Railway Express Agency, Inc., petitioned the Illinois Commerce

Commission for authority to close the railroad's agency at Big Bay in Massac county, and to substitute therefor a prepay station. After a hearing the commission entered an order which denied the relief sought and ordered petitioners to continue operation of the station at Big Bay as an agency station. On appeal, the circuit court of Massac county set aside the order of the commission. Pursuant to the statute (Ill. Rev. Stat. 1939, chap. 111⅔, par. 73) the Commerce Commission has appealed from that order to this court.

The petition filed with the commission stated the public convenience and necessity no longer required the maintenance of the station at Big Bay as an agency station; that the cost of conducting business at that station is disproportionate to the amount of revenue which petitioners obtain from it and to the benefit the public derives from its maintenance; that the cost of continued maintenance of that station as an agency station is an unnecessary and undue burden on the interstate and intrastate business of petitioners and would be confiscatory. The petition further asserted that if the station were made a prepay station it would effect a material saving to petitioners and would not discommode the public or interfere with the duties and obligations of petitioners to the public, and that the same stops would continue to be made at the Big Bay station as before.

The evidence introduced at the hearing shows that if the station at Big Bay were converted into a prepay station, without an agent, outgoing shipments would have to be sent collect and shipments to Big Bay would have to be prepaid. Less than carload shipments to Big Bay would be left in the unlocked station, which is a box car. The evidence introduced by the railroad company showed that the station at Big Bay is two miles south of Reevesville and five miles north of Round Knob, both of which are agency stations. The highway from Big Bay to Reeves-

ville is gravel, and the one from Big Bay to Round Knob is partly gravel, partly dirt and partly concrete. The population of Big Bay is about 55. It has two grocery stores, in one of which a post-office is located. It has no bank.

Evidence was also introduced showing, in detail, the nature of the business transacted at the Big Bay station from the year 1935 up to and including the first eight months of 1939. The gross revenue for each of those years was as follows:

| Year | Total Gross Revenue |
|---|---|
| 1935 | $6,073.49 |
| 1936 | 2,762.30 |
| 1937 | 2,558.12 |
| 1938 | 2,599.25 |
| 1939 (8 months) | 3,092.07 |

The salary of the station agent was approximately $1300 per year.

W. J. Garrity, a special assistant to the general manager of the railroad company, testified as to the financial condition of the Illinois Central Railroad Company. According to his testimony its gross revenue had declined from $186,527,000 in 1926, to $105,416,000 in 1938. It had not declared a dividend since 1931, had borrowed about $35,000,000 from the Reconstruction Finance Corporation, and in the last eight years had failed to meet fixed charges by approximately $16,000,000. The railroad has economized by reducing its operating divisions, reducing expenditures for maintenance of equipment and property to the absolute minimum, consolidated work of employees, dispensed with as many employees as possible, closed many stations and round houses, and discontinued some unprofitable passenger and freight services and consolidated others. He also produced a chart showing the gross income of the railroad and the wages paid station employees for each of several years for the entire railroad. It showed the revenue was about fourteen times greater

than the expense of station employees. At Big Bay the revenue was approximately twice the salary of the station agent.

Mr. Howard M. Miller is the only witness who testified for respondent. He stated that he and a Mr. Gillespie, both of whom live at Metropolis, own a farm near Big Bay, on which they raise livestock. They ship their livestock on and receive it from the railroad, and use the station at Big Bay. He testified that if the discontinuance of the station as an agency station inconvenienced them, they would not do business with the railroad but could and would ship by truck.

Appellant contends appellees failed to sustain the burden of proof resting on them. It says they failed to prove that the agent's services were not required by the people of Big Bay or that the cost of maintaining an agency was so great as to amount to confiscation. The real question is, was it shown that the public good derived from the maintenance of the agency station overcame the loss in maintaining it as such? The application of this test in a case that does not involve an absolutely necessary service entails a balancing of the benefit to the public arising from a continuance of the agency against the loss to the railroad company. It is not reasonable to require the maintenance of an agency station when the cost of such service is out of proportion to the revenue derived from that portion of the public benefited thereby, especially where a substitute service may be provided which will afford the same essential service but which is less convenient. (*Kurn* v. *State*, 66 Pac. (2d) (Okla.) 52.) Among the factors to be considered in determining this question are the volume of business done at the station, its proximity to other stations, the accessibility of the latter, the cost of furnishing such service, etc. (*Residents of Royalton* v. *Central Vermont Railway Co.* 138 Atl. (Vt.) 782.) A consideration of the evidence in this case leads us to the conclusion that the railroad company has maintained the burden of showing a

continuance of the agency station at Big Bay would not be in the public convenience and necessity. There is no doubt from the evidence that this station is not paying anything approaching its proportionate share of the cost of maintaining and operating the railway, or that the station is operating at a substantial loss. The entire company has been losing money for a number of years and has had to borrow a large sum from a governmental agency. In view of this, good business management dictates that economies should be effected wherever practicable, especially where, as here, there will be no substantial curtailment of its services to the public. It seems unreasonable, under the circumstances here shown, to require the company to pay an agent one-half of the gross revenue of that station. The service at this station is not to be abolished but merely curtailed. It is important, also, that complete service may be had at Reevesville, which is only two miles distant, and also at Round Knob, only five miles away. People in large cities often have to travel greater distances than that in order to obtain railway service. It may also be pointed out that with the advent of automobiles and improved roads, distance is of much less significance than it was in the days of horse-drawn vehicles. The circuit court correctly held it is unreasonable to refuse the company's request for permission to convert the agency station into a prepay station.

In *Henderson County* v. *Chicago, Burlington and Quincy Railroad Co.* 320 Ill. 608, 617, it was held that the cause should be remanded to the commission for further proceedings. The judgment in the case before us should have contained such a remanding order. The commission, alone, had authority to grant the relief prayed.

For the reasons stated, the judgment of the circuit court is affirmed in part, but the cause is remanded and the court is directed to add a remandment to its judgment order.

*Judgment affirmed in part, but
cause remanded, with directions.*